# EXHIBIT BBB

1  XAVIER BECERRA
   Attorney General of California
2  MICHAEL L. NEWMAN
   Senior Assistant Attorney General
3  SARAH E. BELTON
   Supervising Deputy Attorney General
4  VIRGINIA CORRIGAN (SBN 292035)
   REBEKAH A. FRETZ (SBN 300478)
5  MARISOL LEÓN (SBN 298707)
   VILMA PALMA-SOLANA (SBN 267992)
6  JULIA HARUMI MASS (SBN 189649)
   Deputy Attorneys General
7    1515 Clay Street, 20th Floor
     P.O. Box 70550
8    Oakland, CA  94612-0550
     Telephone:  (510) 879-3300
9    Fax:  (510) 622-2270
     E-mail:  Julia.Mass@doj.ca.gov
10 *Attorneys for Plaintiff State of California*

11

12              **IN THE UNITED STATES DISTRICT COURT**

13        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14                        **WESTERN DIVISION**

15

16

17  **STATE OF CALIFORNIA,** *et al.*,        Case No. 2:19-cv-07390 DMG (AGRx)

18                              Plaintiffs,

19          **v.**                           **DECLARATION OF AIMEE D.
                                             THOMSON IN SUPPORT OF
20  **KEVIN K. MCALEENAN,** in his official   PLAINTIFFS' REPLY BRIEF IN
    capacity as Acting Secretary of          SUPPORT OF MOTION FOR
21  Homeland Security, *et al.*,             PRELIMINARY INJUNCTION**

22                              Defendants.

23

24

25

26

27

28

## DECLARATION OF AIMEE D. THOMSON

I, Aimee D. Thomson declare as follows:

  1.  I am a resident of the Commonwealth of Pennsylvania and I am over the age of 18.

  2.  I am a Deputy Attorney General for the Pennsylvania Office of Attorney General and the attorney of record for plaintiff Commonwealth of Pennsylvania in this matter.

  3.  I am an attorney duly licensed to practice in the states of New York and Pennsylvania and the District of Columbia. I am admitted to practice before this Court in this matter *pro hac vice*. ECF No. 59.

  4.  Attached as Exhibit A is a true and correct copy of the letter sent on November 17, 2015, from the Pennsylvania Department of Human Services (PADHS) to the Berks County Residential Center (BCRC) stating that the certificate of compliance issued on November 9, 2015, was rescinded because it was issued in error.

  5.  Attached as Exhibit B is a true and correct copy of the letter sent on January 27, 2016, from PADHS to BCRC stating that PADHS was not renewing and was revoking BCRC's certificate of compliance to operate a child residential facility.

  6.  Attached as Exhibit C is a true and correct copy of the April 20, 2017, administrative decision that sustained a challenge brought by BCRC against PADHS for revoking and refusing to renew BCRC's certificate of compliance to operate as a child residential facility.

  7.  Attached as Exhibit D is a true and correct copy of the May 5, 2017, petition for reconsideration filed by PADHS.

  8.  Attached as Exhibit E is a true and correct copy of the January 30, 2018, Order of Remand issued by the Deputy Secretary of PADHS granting the petition for reconsideration, setting aside the administrative

1   decision, and remanding the matter to the administrative law judge to

2   correct certain issues.

3        9.    Attached as Exhibit F is a true and correct copy of the docket

4   sheet for *County of Berks v. Dallas, et al.*, No. 8 MD 2017 (Pa. Commw.

5   Ct.) as of September 25, 2019.

6        10.   Attached as Exhibit G is a true and correct copy of the

7   stipulation and order entered on February 3, 2017, in *County of Berks v.*

8   *Dallas, et al.*, No. 8 MD 2017 (Pa. Commw. Ct.).

9        11.   Attached as Exhibit H is a true and correct copy of the docket

10  sheet for *County of Berks v. Miller, et al.*, No. 13 MD 2018 (Pa. Commw.

11  Ct.) as of September 25, 2019.

12       12.   Attached as Exhibit I is a true and correct copy of the order

13  entered on January 22, 2018, in *County of Berks v. Miller, et al.*, No. 13

14  MD 2018 (Pa. Commw. Ct.).

15       13.   Attached as Exhibit J is a true and correct copy of the joint

16  status report filed on September 9, 2019, in *County of Berks v. Miller, et al.*,

17  No. 13 MD 2018 (Pa. Commw. Ct.). The status report states that the

18  administrative remand remains pending. *Id.*

19

20       I declare under penalty of perjury under the laws of the United States of

21  America that the foregoing is true and correct.

22       DATED this 25th day of September 2019 at Philadelphia, Pennsylvania.

23

24       _____

25       AIMEE D. THOMSON
         Deputy Attorney General
26       Pennsylvania Office of Attorney General

27

28

# EXHIBIT A



**pennsylvania**
DEPARTMENT OF PUBLIC WELFARE

Certified Mailing Date: NOV 1 7 2015

Ms. Diane Edwards, Executive Director
Berks County Commissioners
633 Court Street
Reading, Pennsylvania 19601

RE: Certificate # 224580

Dear Ms. Edwards:

On November 9, 2015, the Department issued a Certificate of Compliance to Berks County Residential Center, 1040 Berks Road, Leesport, Pa. 19533 to operate Residential Services pursuant to Title 55, PA Code, Chapter 3800. This Certificate is hereby rescinded as it was issued in error. We ask that you return the Certificate of Compliance to the Department at this time.

As stated in DHS Secretary Theodore Dallas' letter of October 22, 2015, the Department will take appropriate action regarding BCRC's renewal application based on the facility's decision to continue to serve families or to return to operation as a child residential facility.

If you have any questions, feel free to contact the Bureau of Human Service Licensing's Provider Support Hotline at 1-866-503-3926 or by electronic mail at ra-pwarlheadquarters@state.pa.us

Sincerely,

Matthew Jones
Director

Bureau of Human Services Licensing
625 Forster Street, Room 631| Harrisburg, PA 17105 | 717.783.3670 | F 717.783.5662 | www.dpw.state.pa.us

CR-104

Exhibit BBB - Page 559

# EXHIBIT B



**pennsylvania**
DEPARTMENT OF HUMAN SERVICES

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
**MAILING DATE:** JAN 2 7 2016

Ms. Diane Edwards, Executive Director
Berks County Commissioners
633 Court Street
Reading, Pennsylvania 19601

      RE: Berks County Residential Center
         1040 Berks Road
         Leesport, Pennsylvania 19533
         License #: 224580

Dear Ms. Edwards:

  The Department of Human Services (Department) is not renewing the certificate of compliance issued to the Berks County Commissioners to operate the Berks County Residential Center as a child residential facility pursuant to the Article IX of the Human Services Code, 62 P.S. §§ 901 et seq., Article X of the Human Services Code, 62 P.S. §§ 1001 et seq., and 55 Pa. Code Chaps. 20 and 3800 when your current certificate of compliance expires on February 21, 2016. The Department is also revoking the certificate of compliance effective from February 21, 2016 to February 21, 2017, issued on November 9, 2015. As the Department notified you by letter of November 17, 2015, that certificate was issued as a result of a systems error. (See Attachment 1.)

  This decision to NON-RENEW and REVOKE the certificates of compliance is based on the Department's determination that Berks County Residential Center is not operating as a child residential facility under the Human Services Code or the Department's regulations. Instead, Berks County Residential Center is operating as a residential center for the detention of immigrant families, including adults.

  By letter of October 22, 2015, the Department informed Berks County Residential Center that it does not license family residential centers. (See Attachment 2.) On or about October 30, 2015, Berks County Residential Center filed a petition to appeal the October 22, 2015 letter. That appeal is currently pending before the Department's Bureau of Hearings and Appeals at docket number 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. After receiving the petition, by letter of November 10, 2015, the Department requested that Berks County clarify its intent to operate Berks County Residential Center as a child residential facility. (See Attachment 3.) By letter of November 23, 2015, counsel for Berks County and the Berks County Residential Center confirmed the county's intent to continue operating Berks County Residential Center as a family detention center. (See Attachment 4.)

Bureau of Human Services Licensing
625 Forster Street, Room 631 | Harrisburg, PA 17120 | 717.783.3670 | F 717.783.5662 | www.dhs.state.pa.us

CR-102

Exhibit BBB - Page 561

Ms. Diane Edwards                                    2

The Department will not issue or renew a certificate of compliance for a type of facility or agency that the applicant does not, and does not intend, to operate.  If you choose to operate a child residential facility for children who are not accompanied by their parents or other responsible adults in the future, you must first apply for and obtain the appropriate certificate of compliance.

Based on the decision to NON-RENEW and REVOKE your certificates of compliance because Berks County Residential Center is not a child residential facility, the Department also DENIES your March 9, 2015 request to increase the maximum capacity specified on the certificate of compliance.

If you disagree with the decision to NON-RENEW and REVOKE your certificates of compliance, you have the right to appeal through hearing before the Bureau of Hearings and Appeals in accordance with 1 Pa. Code Part II, Chaps. 31-35. If you decide to appeal this decision, you must submit a written request for an appeal, even if you have other appeals pending before the Bureau of Hearings and Appeals or any other forum.  Any appeal of this decision must be received within 10 days of the date of this letter by:

> Jacob Herzing, Enforcement Manager
> Human Services Licensing
> Department of Human Services
> Room 631 Health and Welfare Building
> 625 Forster Street
> Harrisburg, Pennsylvania 17120

This decision is final 11 days from the date of this letter, or if you decide to appeal, upon issuance of a decision by the Bureau of Hearings and Appeals.

Sincerely,

Matthew J. Jones
Director

Enclosures

CR-103

# EXHIBIT C

# COMMONWEALTH OF PENNSYLVANIA
# DEPARTMENT OF HUMAN SERVICES

**APPEAL OF:**     **Berks County Residential Center**
**BHA ID No.: 9999**
**BHA Docket No.: 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**

## ADJUDICATION

### Opening

This is an administrative adjudication for Berks County Residential Center (Appellant) for an appeal it filed against the decision by the Department of Human Services (Department), Bureau of Human Services Licensing (BHSL), to revoke the Appellant's license to operate a child residential and day treatment facility.  On November 7, 2016, an administrative hearing was held at the Bureau of Hearings and Appeals, in Reading, Pennsylvania.  The witnesses were sworn by the Administrative Law Judge (ALJ) and testified under oath.  On November 21, 2016, the transcript was received.  The parties were given until January 5, 2017 to file briefs and January 20, 2017 for reply briefs.  On January 5, 2017, both the Department and the Appellant filed their briefs.  On January 20, 2017, both the Department and the Appellant filed their reply briefs. The hearing record was closed on January 20, 2017.

An *amicus* brief was filed jointly by counsel from Villanova University and Temple University Schools of Law.  The *amicus* brief was filed on January 5, 2017.

On February 17, 2016, by Order of the Bureau of Hearings and Appeals (BHA), the above captioned appeal was consolidated with Appellant's appeal docket number 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.  The appeal docketed 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 involved a denial of an increase in capacity request made by the Appellant.  At hearing, the undersigned severed the two appeals to address the issue of license revocation only, as the Department denied the increase in capacity due to the Appellant having the license revoked.

ALJ David A. Dudley, Esq., presided at the hearing and adjudicated this appeal.

### Appearances

**For the Department:**
Daniel Fellin, Esquire

**For the Appellant:**
Matthew J. Connell, Esquire
Tricia M. Ambrose, Esquire

## Witnesses

**For the Department:**
Robert Robinson, Director of Licensing Administration, BHSL
Jacqueline Rowe, Bureau Director, BHSL

**For the Appellant:**
Diane Edwards, Executive Director, Berks County Residential Center
Andrew Miller, former Child Residential Licensing Manager, BHSL

## Exhibits

**For the Department:**
C-1    Appeal request; certificates of compliance for Berks County Residential Center 1999-2016; waiver approval dated November 21, 2013; letter dated October 22, 2015; renewal application for 2016-2017; license approval letter and license dated November 9, 2015; letter dated November 10, 2015; letter rescinding license dated November 17, 2015; notice of revocation and non-renewal of license dated January 27, 2016; letter noting no inspection violations dated December 8, 2015 (71 pages)
C-2    MAPPER screens (four pages)

**For the Appellant:**
A-1    Certificate of compliance for Berks County Residential Center for 2001
A-2    Certificate of compliance for Berks County Residential Center for 2002
A-3    Certificate of compliance for Berks County Residential Center for 2003
A-4    Certificate of compliance for Berks County Residential Center for 2004
A-5    Certificate of compliance for Berks County Residential Center for 2005
A-6    Certificate of compliance for Berks County Residential Center for 2006
A-7    Certificate of compliance for Berks County Residential Center for 2007
A-8    Certificate of compliance for Berks County Residential Center for 2008
A-9    Certificate of compliance for Berks County Residential Center for 2009
A-10   Certificate of compliance for Berks County Residential Center for 2010
A-11   Certificate of compliance for Berks County Residential Center for 2011
A-12   Certificate of compliance for Berks County Residential Center for 2012
A-13   Certificate of compliance for Berks County Residential Center for 2013
A-14   Certificate of compliance for Berks County Residential Center for 2014
A-15   Certificate of compliance for Berks County Residential Center for 2015
A-16   Excerpts from BCRC policy and procedures (11 pages)
A-17   2012 application for certificate of occupancy (29 pages)
A-18   August 7, 2015 email correspondence
A-19   2013 application for certificate of occupancy (32 pages)
A-20   Licensing inspection summary (LIS) dated June 7-8, 2011 (two pages)
A-21   LIS dated June 20, 2012 (three pages)
A-22   October 2013 request for waiver (seven pages)
A-23   November 21, 2013 letter granting waiver request

Exhibit BBB - Page 565

A-24    Revised license due to waiver dated November 21 2013
A-25    September 2013-April 2014 email chain (seven pages)
A-26    February 2014 email chain
A-27    June 2014-July 2015 email chain (11 pages)
A-28    April 2015 email chain
A-29    April 22, 2015 email chain (two pages)
A-30    June 2015 email chain (two pages)
A-31    July-August 2015 email chain (eight pages)
A-32    June 30, 2014 email chain (three pages)
A-33    July 14-15, 2014 email chain
A-34    Letter dated October 22, 2015
A-35    License approval letter and license dated November 9, 2015 (two pages)
A-36    Letter dated November 10, 2015
A-37    Appeal request (83 pages)
A-38    Notice of revocation and non-renewal of license with attachments (seven pages)
A-39    United States Immigration and Customs Enforcement (ICE) and Berks County service agreement DROIGSA-10-0003 (105 pages)
A-40    March 30, 2010 ICE and Berks County service agreement (18 pages)
A-41    ICE and Berks County service agreement DROIGSA-10-0003 statement of work (32 pages)
A-42    July 2, 2013 ICE and Berks County service agreement amendment DROIGSA-10-0003-P00003 (two pages)
A-43    July 28, 2014 ICE and Berks County service agreement amendment DROIGSA-10-0003-P00003 (19 pages)
A-44    ICE family residential standards manual (360 pages)
A-45    June 5, 2012 email
A-46    September 27, 2013 email
A-47    March 27, 2015 email chain; response letter (five pages)
A-48    May 18, 2015 email
A-49    April 28, 2015 email chain (two pages)
A-50    April 2015 email chain (three pages)
A-51    May 26, 2015 email from Theodore Dallas
A-52    May-June 2015 email chain between Theodore Dallas and Department of Homeland Security (three pages)
A-53    July 17, 2015 email chain
A-54    July 28, 2015 email chain
A-55    October 22, 2015 email chain (seven pages)
A-56    October 22, 2015 email chain (two pages)

**For the ALJ:**
ALJ-1   Department's response to appeal request (seven pages)
ALJ-2   Appellant's brief in support of subpoena requests (20 pages)
ALJ-3   Department's response brief regarding Appellant's application for subpoenas (22 pages)

Exhibit BBB - Page 566

**Issue**

Whether the Department correctly refused to renew and revoked the Appellant's certificate of compliance (license) on January 27, 2016.

**Findings of Fact**

1. The Appellant, Berks County Residential Center (BCRC), operates as a residential facility at 1040 Berks Road, Leesport, PA 19533. (Exhibit A-16, N.T. 88-89)

2. BCRC is a non-profit facility operated by the County of Berks through its Commissioners. (Exhibits A-17 and A-37)

3. In 2001, the County of Berks signed an inter-governmental service agreement with the federal government, specifically Immigration and Customs Enforcement (ICE), to operate BCRC as a family immigration program. (Exhibit A-39)

4. BCRC houses undocumented immigrant families, placed there by ICE, until a decision is rendered on asylum or other ICE-enforced immigration laws. (Exhibit A-37, N.T. 190)

5. BCRC is one of only three such facilities in the country. The other two are located in the State of Texas. (Exhibit A-37)

6. At some point in 2001, the Department mandated that BCRC be licensed by the Commonwealth to operate under the guidelines of 55 Pa. Code §3800. (Exhibit A-1, N.T. 109-112, 163-164)

7. BCRC completed the application process, was inspected, and was granted a certificate of compliance (license) by the Department in 2001. (Exhibit A-1)

8. From 2001 through 2015, the Department completed at least yearly inspections of BCRC, and renewed its license each and every year. (Exhibits A-1 through A-15, N.T. 100, 144-145)

9. During this time frame, in 2013, BCRC moved operations from a previous address to the current location. The new location had to be inspected by the Department, and a new license was issued in February of 2013. (Exhibit A-24, N.T. 91)

10. Also in 2013, BCRC requested a waiver from the Department to increase the number of occupants per bedroom from four to six, to better accommodate family units within the facility. The Department approved this waiver in November of 2013. (Exhibits A-22 and A-23)

Exhibit BBB - Page 567

11. In 2014, BCRC requested a modification to its certificate of compliance to increase capacity from 96 residents to 192, advising the Department that the plan was to renovate an unused fourth floor of the facility.  The Department advised BCRC that the fourth floor would have to be "move-in ready" before the Department would approve the expansion and capacity increase.  (Exhibits A-27, A-32, and A-33, N.T. 140-142, 167, 182)

12. BCRC completed the renovations.  Once complete, BCRC applied for the license expansion request.  In July of 2015, the Department inspected the facility and found no violations.  (N.T. 141-146)

13. The Department did not approve BCRC's expansion request.  However, BCRC was notified by DHS staff that the request was approved, and the approval status was demonstrated on the Department's website.  (Exhibit A-31, N.T. 35, 174-175)

14. On October 22, 2015, the Secretary of the Department sent a letter to BCRC, informing them that the request to increase capacity had been "postponed," alleging that BCRC had changed its operations to serve "refugee immigrant families" and therefore "no longer operates as the type of facility for which it was originally licensed, a child residential facility."  (Exhibit A-34)

15. This October 22, 2015 letter did not state how BCRC had changed its operations from 2001 to October of 2015.  (Exhibit A-34)

16. On November 9, 2015, BCRC submitted its application for renewal of the certificate of compliance.  BCRC's request was granted, and a license to operate for 2016-2017 was granted that day.  (Exhibit A-35)

17. On November 17, 2015, the Director of BHSL notified BCRC that the certificate of compliance issued on November 9, 2015 was done so in error, and was thereby rescinded.[1]  (Exhibit A-37)

18. On January 27, 2016, the Department notified BCRC that DHS was not renewing the Appellant's certificate of compliance, and was revoking the 2016 license.[2] (Exhibit A-38)

19. On February 4, 2016, BCRC filed an appeal.  (Exhibit A-37)

---

[1] The undersigned notes that the Department stated that this November 9, 2015 granting of BCRC's license was done through the LIBRA process, the goal of which is to eliminate gaps in licensure of facilities by issuing renewal certificates of compliance without waiting for inspections to be scheduled and conducted.  (N.T. 34-35)  This may be true, but the hearing record is void of any inspection violations causing the rescission of BCRC's 2016-2017 license.  Simply put, the Department yanked BCRC's license without any violations in direct contrast with the mandates for which the LIBRA process stands.

[2] The undersigned notes that, as stated previously, the January 27, 2016 notice also denied the increase in capacity request due to the decision to revoke BCRC's certificate of compliance.  (Exhibit A-37)

Exhibit BBB - Page 568

20. BCRC housed family units from the initial day it was licensed until the date of revocation, and up to the date of hearing.  (N.T. 121-122)

21. At no point was the Department unaware that BCRC operated as a family immigration program facility.  (Exhibits A-37 and ALJ-1, N.T. 166)

22. There is no regulatory prohibition, including 55 Pa. Code §3800, against adults living in licensed child residential facilities.  (Exhibit A-26, N.T. 40, 104, 138, 164-165)

23. The testimony of all witnesses was credible.

## Discussion

## The Department's Position

The Department argues that it properly revoked the Appellant's certificate of compliance because BCRC is not a child residential facility, and therefore not eligible for a certificate of compliance.  The Department argues that BCRC is not eligible for a license through estoppel because the Appellant has failed to meet its burden in demonstrating all elements of an estoppel claim.  The Department argues that its decision was not arbitrary and capricious.

## Appellant's Position

The Appellant argues that the Department failed to meet its burden of substantial evidence.  The Appellant argues that the Department is estopped from revoking BCRC's certificate of compliance.  The Appellant argues that the Department's decision was arbitrary and capricious.  The Appellant argues that the Department violated BCRC's due process rights through lack of specificity of notice.  Finally, the Appellant argues that the Department's decision was based on outside pressures on the Department, and not any statutory violations on the part of BCRC.

## Applicable Law

This matter arises under the Department's authority to register group family day care homes and child day care centers.  Public Welfare Code, Act of June 13, 1967, P.L. 31, No. 21, *amended* December 5, 1980, P.L. 1112, No. 193, § 2, effective January 1, 1981.

In exercising its authority under Articles IX and X of the Code, the Department has promulgated regulations for the facilities it regulates to obtain certificates of compliance.  55 Pa. Code §§ 20.2(a), 20.21(a)-(b).

According to 62 P.S. § 1026(b), the Department shall refuse to issue a license or shall revoke a license for any of the following reasons:

Exhibit BBB - Page 569

(1) Violation of or noncompliance with the provisions of the act or department regulations.
(2) Fraud or deceit in obtaining or attempting to obtain a license.
(3) Lending, borrowing, or using the license of another caregiver, or in any way knowingly aiding or abetting the improper granting of a license.
(4) Gross incompetence, negligence, or misconduct in operating the facility.
(5) Mistreating or abusing children cared for in the facility.

The regulation at 55 Pa. Code § 20.71 provide the following guidelines for the denial of a certificate of compliance, in pertinent part:
(a) The Department may deny, refuse to renew or revoke a certificate of compliance for any of the following reasons:
(1) Failure to comply with this chapter
(2) Noncompliance with the Department's program licensure or approval regulations.
(3) Failure to submit an acceptable plan to correct noncompliance items.
(4) Failure to comply with the acceptable plan to correct noncompliance items.
(5) Mistreatment or abuse of clients being cared for in the facility or receiving service from the agency.
(6) Gross incompetence, negligence or misconduct in operating the facility or agency.
(7) Fraud or deceit in obtaining or attempting to obtain a certificate of compliance.
(8) Lending, borrowing or using the certificate of another operator, or in any way knowingly aiding the improper issuance of a certificate of registration.
(b) The Department will review and may deny, refuse to renew or revoke a certificate of compliance if a legal entity, owner, operator or staff person:
(1) Has been convicted of a felony.
(2) Has been convicted of a crime involving child abuse, child neglect, moral turpitude or physical violence.
(3) Has serious mental illness which creates a risk to the clients, which shall be determined and documented by a licensed physician or licensed psychologist.
(4) Has evidenced drug or alcohol addiction within the past year, which shall be determined and documented by a licensed physician.
(5) Has been named as a perpetrator in an indicated or founded report of child abuse in accordance with the Child Protective Services Law.

Equitable estoppel is a doctrine which prevents a party from gaining advantage over a second party when the second party has relied upon misleading information supplied by the first party to the injury or detriment of the second party.  Misleading information may be supplied intentionally, negligently, or by remaining silent. Commonwealth Court held the doctrine of equitable estoppel may be asserted against a

7

Commonwealth or government agency in <u>Foster v. Westmoreland Casualty Co.</u>, 145 Pa. Commw. 638, 604 A.2d 1131(1992). Citing the Pennsylvania Supreme Court in <u>Chester Extended Care Center v. Com., Dept of Public Welfare</u>, 526 Pa. 350, 586 A.2d 379 (1991) the court identified the elements for establishing equitable estoppel against a Commonwealth agency as (1) misleading words, conduct, or silence by the party against whom the estoppel is asserted, (2) unambiguous proof of reasonable reliance upon the misrepresentation by the party asserting the estoppel, and (3) the lack of a duty to inquire on the party asserting the estoppel. Commonwealth Court restated the elements for applying estoppel in <u>Strunk v. Zoning Hearing Board of Upper Milford Township</u>, Pa. Commw. 684 A.2d 682 (1996) as (1) intentional or negligent misrepresentation of some material fact, (2) which was made with knowledge or reason to know that the other party would rely upon it, and (3) inducement of the other party to act to his or her detriment because of justifiable reliance upon the misrepresentation.

To determine whether an agency's decisions are "in accordance with the law," appellate review of the agency's conclusions is designed "to ensure that they are adequately supported by competent factual findings, are free from arbitrary or capricious decision making, and, to the extent relevant, represent a proper exercise of the agency's discretion." <u>Fraternal Order of Police, Conference of Pennsylvania Liquor Control Board Lodges v. Pennsylvania Labor Relations Board</u>, 735 A.2d 96, 99 (Pa. 1999).

Our precedent states as a rule that administrative action is "arbitrary and capricious where it is unsupportable on any rational basis because there is no evidence upon which the action may be logically based." <u>Lynch v. Urban Redevelopment Authority of Pittsburgh</u>, 496 A.2d 1331, 1335 (Pa. Cmwlth. 1985).

The Department may deny or revoke a license for even one, single violation of its regulations. <u>Pine Haven Residential Care Home v. Dep't of Public Welfare</u>, 512 A.2d 59 (Pa. Cmwlth. 1986).

The Department does not need to establish that the licensee willfully violated the group day care home regulations; rather, pursuant to 62 P.S. § 1026(b), the Department must establish one of the following: the licensee failed to comply with the Department's regulations, the licensee failed to comply with acceptable plans of correction, or the licensee committed gross incompetence, negligence or misconduct in operating the facility. <u>McFarland v. Dept. of Public Welfare</u>, 551 A.2d 364, 367 n. 6 (Pa. Cmwlth. 1988).

## <u>ALJ'S Opinion</u>

Prior to beginning an analysis of the merits of the appeal, a couple of administrative issues within the hearing record must be addressed.

First, as part of its pre-hearing filing, the Appellant requested several subpoenas and *duces tecum* subpoenas that were denied by the undersigned. This denial was

objected to by the Appellant and placed on the record at hearing, to be addressed at this time.  I stand by the decision made to deny said subpoenas.

The issue regarding the subpoenas *duces tecum* has since been resolved.  The Appellant file a Right to Know request with the Department to provide said information to it prior to hearing.  The Department denied the request.  That decision went through the appeal process to the Pennsylvania Supreme Court, and the denial from the Department was upheld.  Therefore, any requests for documents that were denied through the RTKL request were properly denied by the undersigned.

The undersigned did not sign the subpoenas regarding the multiple licensing inspectors because the outcomes of said inspections were not in question.  The Department agreed that from 2001 through 2015, inspections of the BCRC found no violations as to result in any type of licensing sanction.  Additionally, the Department agreed that the proposed revocation at issue on appeal had nothing to do with violations found during any current inspections.  (Exhibit ALJ-1)  As such, having those prior inspectors testify to that information would be both repetitive and irrelevant.

The undersigned did not sign the subpoenas for Theodore Dallas and Matthew Jones due to their title and status within the Commonwealth.  Mr. Dallas is the Secretary of DHS.  Mr. Jones was the Director of BHSL at the time of the appeal.  It is typical to refuse such subpoenas to protect such high-ranking officials from the intrusion of testifying in cases like these, especially if such testimony can be elicited from lower ranking officials than these.[3]  KC Equities v. Department of Public Welfare, 95 A.3d 918 (Pa. Cmwlth. 2014)

Second, as stated previously, an *amicus* brief was filed jointly by counsel from Villanova University and Temple University Schools of Law.  An *amicus curaie* is not a party and cannot raise issues that have not been preserved by the parties.  If the *amici*'s arguments rely on facts and raised issues that were not part of the record or set forth by the parties, the Court cannot consider them.  Commonwealth v Cotto, 753 A.2d 217 (Pa 2000)  See also Temple University Hospital Inc. v. Healthcare Mgmt Alternatives Inc., 832 A.2d 501 (Pa Super 2003)

The *amicus* brief raises numerous issues and arguments that were not raised by the Department during the course of this license revocation litigation and rely on facts and issues not part of the record.  More specifically, attached to the brief are 50 pages of proposed exhibits which have never been introduced into the hearing record.  As

---

[3] The undersigned notes that the Appellant filed an addendum to its exhibit list four business days prior to hearing, adding approximately 10-12 exhibits which make up the last of the listed exhibits on record. These exhibits demonstrate the integral part both Secretary Dallas and former Director Jones played in trying to get BCRC shut down.  However, these exhibits were provided to the undersigned well after the decision not to sign the subpoenas for said high-ranking officials.  Prior to receiving those exhibits, the only involvement of Mr. Dallas and Mr. Jones demonstrated by the Appellant was signatory authority.  If those exhibits had been provided earlier than four days before the hearing, my decision may have been different.

Exhibit BBB - Page 572

such, our Supreme Court has stated that the undersigned cannot consider said issues in making this determination.[4]

As stated previously, the issue on appeal is whether the Department correctly refused to renew and revoked the Appellant's certificate of compliance (license) on January 27, 2016.  BCRC is a non-profit residential facility operated by the County of Berks through its Commissioners.  More specifically, BCRC, through a contractual relationship with the federal government, houses undocumented immigrant families, placed there by ICE, until a decision is rendered on asylum or other ICE-enforced immigration laws.  At some point in 2001, the Department mandated that BCRC be licensed by the Commonwealth to operate under the guidelines of 55 Pa. Code §3800.  From 2001 through 2015, the Department completed at least yearly inspections of BCRC, and renewed its license each and every year.  BCRC has housed family units from the initial day it was licensed until the date of revocation, and up to the date of hearing.  At no point was the Department unaware that BCRC operated as a family immigration program facility.  When BCRC applied for its 2016-2017 certificate of compliance, the Department granted it and then revoked it a week later.  The Department then notified BCRC that BCRC's license was not being renewed and was being revoked.

The facts involved in this appeal are not at issue.  As such, we will analyze the parties' arguments.

BCRC first argues that the Department did not demonstrate that its action was supported by substantial evidence.  Pursuant to both 62 P.S. § 1026(b) and 55 Pa. Code § 20.71, the Department may revoke a certificate of compliance for many different reasons.  Here, BCRC's 2016-2017 license was issued by the Department on November 9, 2015.  The Director of Licensing Administration testified that BCRC's license was granted based on the "license issued based on renewal application" (LIBRA) system.  Pursuant to LIBRA, facilities in good standing which apply for renewal are automatically given their new certificate of compliance.  The Department will then inspect the facility, and if any violations are found, has the option of issuing a provisional license or revoking the certificate of compliance.  (N.T. 34-35)

With regard to BCRC, the 2016-2017 certificate of compliance was granted by the Department.  No inspection was completed of BCRC after the 2016-2017 license was granted.  No regulatory violations were found or reported at BCRC following the issuance of this certificate of compliance.  Despite this, the Department revoked BCRC's 2016-2017 certificate of compliance.  The Department failed to follow its own LIBRA mandates.  As such, the Department revoked BCRC's certificate of compliance

---

[4] The undersigned notes that the *amici*'s argument in the brief is one of unlawful confinement of the individuals within the facility.  As stated previously, these individuals are placed at BCRC by ICE pursuant to an inter-governmental contract.  The federal government, in enforcement of federal immigration law and regulations, is required to detain aliens subject to removal proceedings.  This Court clearly lacks jurisdiction to review ICE's discretionary determinations regarding such detainees.

Exhibit BBB - Page 573

without any basis to do so under 62 P.S. § 1026(b) and 55 Pa. Code § 20.71.  The Department failed to demonstrate substantial (or any) evidence that the decision to revoke BCRC's license was correct.

BCRC also argues that the Department is estopped from revoking its certificate of compliance.  The notice of decision states that BCRC's license was revoked because "it is no longer operating as the type of facility for which it was originally licensed and continues to be licensed." (Exhibit A-38)  Equitable estoppel is a doctrine which prevents a party from gaining advantage over a second party when the second party has relied upon misleading information supplied by the first party to the injury or detriment of the second party.  Misleading information may be supplied intentionally, negligently, or by remaining silent.  In <u>Foster v. Westmoreland Casualty Co</u>., Commonwealth Court held that the doctrine of equitable estoppel may be asserted against a Commonwealth or government agency.  Citing the Pennsylvania Supreme Court in <u>Chester Extended Care Center v. Com., Dept of Public Welfare</u>, the Court identified the elements for establishing equitable estoppel against a Commonwealth agency as (1) misleading words, conduct, or silence by the party against whom the estoppel is asserted, (2) unambiguous proof of reasonable reliance upon the misrepresentation by the party asserting the estoppel, and (3) the lack of a duty to inquire on the party asserting the estoppel.  Commonwealth Court restated the elements for applying estoppel in <u>Strunk v. Zoning Hearing Board of Upper Milford Township</u>, as (1) intentional or negligent misrepresentation of some material fact, (2) which was made with knowledge or reason to know that the other party would rely upon it, and (3) inducement of the other party to act to his or her detriment because of justifiable reliance upon the misrepresentation.

There is no dispute that the Department was completely aware that BCRC was operating as a family immigration program facility during the entire existence of its operation.  Additionally, BCRC housed family units from the initial day it was licensed until the date of revocation, and up to the date of hearing.  Department employees routinely communicated with BCRC regarding the operation of the facility, and never previously advised BCRC that the facility was not operating within the regulations for which it was licensed.  In fact, Department officials notified the BCRC that the facility *was* operating in compliance with regulations.  (N.T. 104)

BCRC also communicated directly with the Department about the request for expansion.  At no time was BCRC notified that it was operating outside of compliance.  In fact, Department employees delineated specifically to BCRC the process it must follow in order to increase capacity.  The Department advised BCRC that the fourth floor would have to be "move-in ready" before the Department would approve the expansion and capacity increase.  (Exhibits A-27, A-32, and A-33, N.T. 140-142, 167, 182)  Based on the Department's affirmative statements, and the fact that BCRC had been granted licensure for the past (at the time) 14 years, BCRC detrimentally relied on the actions of the Department to renovate the facility to allow for expansion.  Over a million dollars were spent, and 17 additional employees hired by Berks County, which never would have been authorized if the Department would have questioned BCRC's ability to

operate the facility as it had for the past several years. (N.T. 145-151)

BCRC did not have a duty to inquire as to whether the facility comported with the mandates within the 3800 regulations. The Department mandated that BCRC be licensed by the Commonwealth to operate under the guidelines of 55 Pa. Code §3800. From 2001 through 2015, the Department completed at least yearly inspections of BCRC, and renewed its license each and every year. It was reasonable for BCRC to rely on 15 years of licensure renewals to conclude that it was operating pursuant to the regulations. As such, the Appellant has demonstrated all three elements to establish equitable estoppel against a Commonwealth agency cited in either Chester or Strunk. The Department is estopped from revoking BCRC's certificate of compliance.

BCRC next argues that the actions of the Department were arbitrary and capricious. A governmental agency action, finding, or conclusion cannot be arbitrary, capricious, abuse discretion, or otherwise fail to comply with law. 5 U.S.C. §706(2)(A). Commonwealth Court has delineated that precedent states as a rule that administrative action is "arbitrary and capricious where it is unsupportable on any rational basis because there is no evidence upon which the action may be logically based." Lynch v. Urban Redevelopment Authority of Pittsburgh. Here, the only basis offered by the Department for the revocation, as stated previously, is that BCRC "is no longer operating as the type of facility for which it was originally licensed and continues to be licensed." (Exhibit A-38) This rationale is completely untrue. Again, these two facts cannot be stressed enough: 1) There is no dispute that the Department was completely aware that BCRC was operating as a family immigration program facility during the entire existence of its operation, and 2) BCRC housed family units from the initial day it was licensed until the date of revocation, and up to the date of hearing. The Department's notice is unsupportable on any rational basis. As such, the Department's actions in revocation of BCRC's license were arbitrary and capricious.

BCRC next argues that the Department violated its due process rights through lack of specificity of notice. While the reasoning behind the revocation of BCRC's certificate of compliance may not be sound, as was analyzed previously, it cannot be argued that the Department failed to provide a reason for said revocation. The January 27, 2016 notice states that BCRC's license was being revoked because "it is no longer operating as the type of facility for which it was originally licensed and continues to be licensed." (Exhibit A-38) That was the rationale for the Department's decision. Additionally, BCRC was granted a forum to be heard in front of a neutral fact finder in a court of proper jurisdiction. Taken as a whole, the mandates of procedural due process have been met. The Department did not violate the due process rights of BCRC.

Finally, BCRC argues that the Department's decision was based on outside pressures on the Department, and not any statutory violations on the part of BCRC. Beginning in 2015, the Governor's Office and DHS began receiving significant correspondence and requests to close down BCRC. (Exhibits A-47, A-49, and A-50) Secretary Dallas even contacted Homeland Security looking for help to "find a way to resolve this situation." (Exhibit A-51) DHS was notified that advocates and attorneys of residents of BCRC were requesting an investigation by the Pennsylvania Office of

Exhibit BBB - Page 575

Attorney General with the goal of closing BCRC.  (Exhibit A-47)  Secretary Dallas even stated, on May 26, 2015, that the Department had no basis under State law to revoke the BCRC's certificate of compliance.  (Exhibit A-51)  Yet Secretary Dallas mandated that the expansion application not be acted upon, despite his knowledge that there was no basis for either refusing to issue a certificate of compliance or for not approving the expansion.  (Exhibits A-34 and A-53)

The Department's argument has changed throughout this process.  Originally, the Department argued that BCRC's license should be revoked because it was no longer operating as it had originally been licensed.  Clearly that was not the case.  So the Department then argued that BCRC was housing adults with children in violation of the 3800 regulations.  However, there is no regulatory prohibition, including 55 Pa. Code §3800, against adults living in licensed child residential facilities.  (Exhibit A-26, N.T. 40, 104, 138, 164-165)  With this admission, the Department's argument changed again.  The Department now argues that BCRC is not a child residential facility, and therefore not eligible for a certificate of compliance.  This is a circular argument.  If BCRC is not a child residential facility (as it states on its certificates of compliance), the Department was incorrect to mandate licensure as such for the past 15 years.  And if BCRC is not in need of a license, the Department cannot revoke something which it has no authority to grant in the first place.

The last sentence is a good segue into discussion about remedy.  It is unclear in the hearing record, and muddied even more by the changing arguments of the Department, whether BCRC is a facility for which licensure is required.  BCRC is operated through an inter-governmental contract between the federal government and Berks County.  The Commonwealth of Pennsylvania is not a party to the agreement.  Supremacy clause issues aside, BCRC operates under the mandates of its contract with ICE and pursuant to federal immigration laws and regulations.  The hearing record demonstrates that the contract with ICE requires some type of Commonwealth licensure for BCRC to operate.  But the record is not clear on how the facility is to be licensed.

## Conclusion

The Department did not provide substantial evidence that the decision to revoke and non-renew BCRC's license was correct.  The Department is estopped from revoking BCRC's license, and the Department acted arbitrarily and capriciously, responding to outside pressures in making this decision instead of regulatory violations.  Therefore, the notice of decision dated January 27, 2016 was not correct, and the Department must rescind the action.  However, as the hearing record is unclear whether BCRC is a type of facility that is required to be licensed by the Commonwealth of Pennsylvania, this Order will be limited to rescinding the action.  For all of the foregoing reasons, I recommend that the appeal of the Appellant be sustained.

Exhibit BBB - Page 576

14

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF HUMAN SERVICES**
**BUREAU OF HEARINGS AND APPEALS**

APPEAL OF:        **Berks County Residential Center**
                  **BHA ID No.: 9999**
                  **BHA Docket No.: 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**

## ORDER

**AND NOW**, this 20th day of April, 2017, after careful review and consideration of the Recommendation of the Administrative Law Judge, it is hereby **ORDERED** that the Recommendation be adopted in its entirety.

Either party to this proceeding has fifteen (15) calendar days from the date of this decision to request reconsideration by the Secretary of the Department. (In food stamp cases, only the appellant may seek reconsideration.)  To seek reconsideration, you must fully complete the enclosed application/petition for reconsideration.  The application/petition shall be addressed to the Secretary, but delivered to the Director, Bureau of Hearings and Appeals, P.O. Box 2675, Harrisburg, Pennsylvania, 17105-2675, and must be postmarked within fifteen (15) calendar days from the date of this Order.  This action does not stop the time within which an appeal must be filed to Commonwealth Court.

The appropriate party(ies), where permitted, may take issue with this Adjudication, and Order, and may appeal to the Commonwealth Court of Pennsylvania, within thirty (30) days from the date of this order.  This appeal must be filed with the Clerk of Commonwealth Court of Pennsylvania, 601 Commonwealth Avenue, Suite 2100, P. O. Box 69185, Harrisburg, PA 17106-9185.

If you file an appeal with the Commonwealth Court, a copy of the appeal must be served on the government unit which made the determination in accordance with Pa. R.A.P. 1514.  In this case, service must be made to: Department of Human Services, Bureau of Hearings and Appeals, 2330 Vartan Way, 2nd Floor, Harrisburg, Pennsylvania 17110-9721, **AND** Department of Human Services, Office of General Counsel, 3rd Floor West, Health and Welfare Building, Harrisburg, PA 17120.

Bureau of Hearings and Appeals

April 20, 2017
Final Order and Mailing Date                    Matthew J. McFadden
                                                Regional Manager
                                                Bureau of Hearings and Appeals

cc:     Berks County Residential Center, Appellant
        Matthew J. Connell, Esq., for Appellant
        Daniel Fellin, Esq., DHS – OGC
        Jacqueline Rowe, Director, Bureau of Human Services Licensing
        File

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF HUMAN SERVICES
BUREAU OF HEARINGS AND APPEALS**

**APPEAL OF:**      **Berks County Residential Center
BHA ID No.: 9999
BHA Docket No.: 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**

## RECOMMENDATION

It is hereby Recommended that the appeal of Appellant be **SUSTAINED**.  Within ten (10) days of the date of this Order, the Department is Ordered to rescind the action taken on January 27, 2016.

April 20, 2017
Date

David Dudley, Esquire
Administrative Law Judge

# EXHIBIT D

## APPLICATION/PETITION FOR RECONSIDERATION
### (If you want reconsideration, you must complete this form)

**APPEAL OF:**    **Berks County Residential Center**
          **BHA ID No. 9999**
          **BHA Docket No. 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**

**DATE OF HEARINGS AND APPEALS**
**FINAL DECISION/FAA:**     **April 20, 2017**

If this application is granted, the Secretary of Human Services will review your complete case file and you will receive the Secretary's decision when it is made.

1.  **Did the Bureau of Hearings and Appeals' decision correctly apply state law and federal policy, regulations, and law?**  **\_\_\_\_\_ YES**  **XXX\_ NO**

   **If your answer is "No":**

   a.  **Identify, to the best of your ability, the policy, regulation, or law and explain how the Bureau of Hearings and Appeals applied it in error.**

See attached *Application/Petition for Reconsideration for the Department of Human Services, Bureau of Human Services Licensing.*

   b.  **To the best of your ability, give the specific policy, regulation, or law that you think should be applied and explain why it should be applied.**

See attached *Application/Petition for Reconsideration for the Department of Human Services, Bureau of Human Services Licensing.*

   c.  **If you cannot identify a policy, regulation, or law, you may still be granted Reconsideration.  Provide, in detail, why you believe the Bureau of Hearings and Appeals was in error.**

N/A.

2.  **Were important facts and/or materials submitted before or during the fair hearing that were not used by the Bureau of Hearings and Appeals?**

   **XXX\_ YES**  **\_\_\_\_\_ NO**

**If "Yes," what were the facts/materials and explain why they are important or how they were overlooked?**

See attached *Application/Petition for Reconsideration for the Department of Human Services, Bureau of Human Services Licensing*.

3.    **Have you asked for Reconsideration in this case before?** _____ YES   __XXX__ NO

date: 5-5-17

_____
**Signature of Party Requesting Reconsideration**

**Daniel Fellin**
**Deputy Chief Counsel**
**Department of Human Services**
**Office of General Counsel**
**Health and Welfare Building, 3rd Floor West**
**Harrisburg, PA  17120**

**Attorney I.D. No. 76621**

| **Phone:** | **(717) 705-0614** |
| **Fax:** | **(717) 772-0717** |

**FORWARD TO:**     **Secretary of Human Services**
**c/o Director, Bureau of Hearings and Appeals**
**PO Box 2675**
**Harrisburg, PA  17105-2675**

Exhibit BBB - Page 582

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF HUMAN SERVICES
BUREAU OF HEARINGS AND APPEALS**

**IN THE APPEAL OF:**          **Berks County Residential Center
BHA ID No. 9999
BHA Docket No. 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
Child Residential and Day Treatment Facility**

## APPLICATION/PETITION FOR RECONSIDERATION FOR THE DEPARTMENT OF HUMAN SERVICES, BUREAU OF HUMAN SERVICES LICENSING

In its Adjudication and Order of April 20, 2017, the Bureau of Hearings and Appeals ("BHA") found facts that are not supported by substantial evidence. BHA also misapplied the law in holding (1) that the Bureau of Human Services Licensing ("BHSL") did not provide substantial evidence to support the revocation and non-renewal of the certificate of compliance of appellant Berks County Residential Center ("BCRC"), (2) that BHSL was estopped from revoking and non-renewing the certificate of compliance, (3) that the decision to revoke and non-renew BCRC's certificate of compliance was arbitrary and capricious, and (4) that the Department of Human Services ("Department") changed its argument during the proceedings. Therefore, the Order sustaining BCRC's appeal and directing the Department to rescind the action revoking and non-renewing BCRC's certificate of compliance should be reversed and BCRC's appeal should be denied.

## I.      BHA FOUND FACTS THAT ARE NOT SUPPORTED BY THE RECORD.

Findings of Fact 6, 7, 15, and 20 in the Adjudication are not supported by substantial evidence in the record.

Contrary to Finding of Fact 7, there is no evidence in the record that BCRC was first licensed in 2001. It is undisputed that Berks County opened a licensed immigration

unit for children in 1998. Exh. C-2 at 3, N.T. 92, 192. In 2001, it changed its operation and began to detain undocumented immigrant families as well. Exh. C-2 at 3-4, N.T. 33, 91. Shortly thereafter, in 2002, BCRC began detaining only families. Exh. A-29; N.T. 89, 109-110. It is undisputed that BCRC has detained families since 2001, and self-evident that BCRC has detained only families since it became a family detention center in 2002. But Berks County had previously operated a licensed detention center for only immigrant children at the same location. There is no factual support for the finding that BCRC was first licensed in 2001.

There is also no evidence in the record to support Finding of Fact 6, that "At some point in 2001, the Department mandated that BCRC be licensed by the Commonwealth to operate under the guidelines of 55 Pa. Code §3800." The citations to the record for that factual finding relate to recitations of verbal statements by BHSL staff Andrew Miller and Laura Cipriani. N.T. 112, 163. Those statements, however, could not have been made in 2001. Andrew Miller did not commence employment with BHSL until August 2012, N.T. 154, long after BCRC was originally licensed.

In addition, Finding of Fact 15, that the "October 15, 2015 letter [from the Secretary of Human Services to BCRC, Exh. A-34] did not state how BCRC changed its operations," is not supported by substantial evidence. The letter explains that "BCRC now serves only refugee immigrant families. As a result, BCRC is no longer operating as the type of facility for which it was originally and continues to be licensed." It is obvious from the context of the letter, and the record as a whole, that BCRC changed its operations from serving only immigrant children when it opened in 1998 to serving only families currently.

- 2 -

Finally, Finding of Fact 20, that, "BCRC housed family units from the initial day it was licensed" is not supported by the record. As stated above, when Berks County first opened its licensed immigration unit in 1998, it served only children.

These erroneous factual findings materially contributed to BHA's errors of law, explained below, that the Department did not provide substantial evidence in support of its action, that the Department is estopped from revoking and refusing to renew its certificate of compliance now, that the decision to revoke and non-renew BCRC's certificate of compliance was arbitrary and capricious, and that the Department has changed its arguments during the course of this matter. *See*, *e.g.*, Adjudication at 11 ("Additionally, BCRC housed family units from the initial day it was licensed. . . ."), Adjudication at 13 ("Again, these two facts cannot be stressed enough: . . . 2) BCRC housed family units from the initial day it was licensed. . . .").

Because BHA's material factual findings are not supported by the record, the Order sustaining BCRC's appeal should be reversed.

## II.     BHA COMMITTED ERRORS OF LAW.

BHA committed errors of law in determining that the Department lacked substantial evidence to revoke and non-renew BCRC's certificate of compliance, that the Department is estopped from revoking and non-renewing BCRC's certificate of compliance, that the revocation and non-renewal action was arbitrary and capricious, and that the Department has changed its argument during the court of proceedings.

### A.     BHSL Presented Substantial Evidence For the Revocation and Refusal to Renew BCRC's Certificate of Compliance.

BHA erroneously concluded that "The Department did not provide substantial evidence that the decision to revoke and non-renew BCRC's license was correct."

- 3 -

Adjudication at 13. The basis for the revocation and non-renewal of BCRC's certificate of compliance to operate a child residential was that BCRC "is not operating as a child residential facility under the Human Services Code or the Department's regulations." Exh. C-38 at 1. The evidence is undisputed that BCRC serves only family units. Exh. A-29; N.T. 89, 109-110. BCRC no longer meets any applicable statutory or regulatory definition to maintain its certificate of compliance. BCRC is neither a "children's institution" as defined at 62 P.S. § 901, a "boarding home for children" as defined at 62 P.S. § 1001, nor a "child residential facility" as defined at 55 Pa. Code § 3800.5, because it does not provide "care for children" who are living away from their parents under those definitions.

Therefore, BHA erred in determining that BHSL did not provide substantial evidence to support the revocation and non-renewal of BCRC's certificate of compliance.

## B.   BHSL Is Not Estopped From Revoking and Non-renewing BCRC's Certificate of Compliance.

In its Adjudication, BHA held that the Department is estopped from revoking and non-renewing BCRC's certificate of compliance. Adjudication at 11-12, 13. BHA, however, failed to address any of the authorities cited in BHSL's post-hearing brief that estoppel is not available in the licensing context and that BCRC failed to meet its burden to estop a government agency.

Licensing is an exercise of the Commonwealth's police power to protect health and safety. *Khan v. State Bd. of Auctioneers*, 842 A.2d 936, 945 (Pa. 2004). The Commonwealth cannot be estopped from enforcing its police powers. *Otte v. Covington Twp.*, 650 A.2d 412, 414 (Pa. 1994). Even if estoppel were available here, the

- 4 -

Department's ministerial renewal of BCRC's certificate of compliance does not support estoppel. *Denier v. State Bd. of Med.*, 683 A.2d 949, 953 (Pa. Commw. 1996).

Furthermore, BCRC failed to meet the elements of estoppel of misleading words, conduct, or silence; reasonable reliance; and detriment. *See Chester Extended Care v. Dep't of Pub. Welfare*, 586 A.2d 379, 382 (Pa. 1991), *Card v. Pennsylvania Sch. Employees Retirement Bd.*, 478 A.2d 510, 514 (Pa. Commw. 1984). The Department did not mislead BCRC by licensing its immigration unit as a child residential facility when it first opened in 1998; by informing BCRC that it could not transfer its certificate of compliance to a new location, *see* 55 Pa. Code § 20.57(b) (3); or by stating that its renovated area had to be "move in ready" as a prerequisite for consideration for expansion, Exh. A-27 at 11; Exh. A-32, N.T. 140, 167, 182. Providing instructions for the submission of a request does not give rise to estoppel. *Baldwin Health Ctr. v. Dep't of Pub. Welfare*, 755 A.2d 86, 91 (Pa. Commw. 2000). Furthermore, even if BHSL staff did advise BCRC it had to be licensed, an agency is permitted to revise its interpretation of statutory requirements. *Elite Industries v. PUC*, 832 A.2d 428, 432 (Pa. 2003).

In addition, the Supreme Court of the United States has held that it is inherently unreasonable to rely on oral statements, in order to ensure that government agents act within their scope of authority. *Heckler v. Community Health Servs. of Crawford Cty.*, 467 U.S. 51, 65, 104 S. Ct. 2218, 2226-2227, 81 L.Ed.2d 42, 55 (1984). BCRC produced no misleading written statement by a DHS employee. Indeed, BCRC's failure to claim it relied on a statement by any DHS employee it understood to have authority to grant the certificate of compliance undermines its estoppel claim. *Baldwin Health Ctr.*, 755 A.2d at 91.

- 5 -

BCRC also failed to show detriment arising from a statement of attributed to BHSL staff.  No one in the Department advised BCRC to undertake and commit funds to a project to expand its facilities.  Equitable estoppel is not available when the agency did not advise the facility to take the action.  *Baldwin Health Ctr.*, 755 A.2d at 91.  BCRC also alleges no harm resulting from the annual renewal of its certificate of compliance since the time it began detaining only families.

Finally, even if estoppel were available in this case, and BCRC had provided evidence to meet its burden, it could preclude retrospective sanction but not prospective compliance.  "While misstatements of the law by government officials representing that conduct is legal may support a defense to prosecution for past conduct, representations and non-enforcement by government officials cannot rewrite a statute or estop the Commonwealth from future enforcement of the statute's requirements."  *Green v. State Bd. of Veterinary Med.*, 116 A.3d 1164, 1170 (Pa. Commw. 2015) (citations omitted).

The Department is not estopped from correctly enforcing the law regarding licensure of child residential facilities under the current facts and revoking and non-renewing BCRC's certificate of compliance because it is no longer operating as a child residential facility.

## C.    The Decision to Revoke and Refuse to Renew BCRC's Certificate of Compliance Was Not Arbitrary and Capricious.

BHA committed an error of law in finding that the revocation and non-renewal of its certificate of compliance was arbitrary and capricious.  The apparent basis for BHA's determination is that the Secretary of Human Services responded to "outside pressures," Adjudication at 12, and "tr[ied] to get BCRC shut down," Adjudication at 9, fn. 3.  The record, however, does not support these conclusions.

Exhibit BBB - Page 588

At the outset, BCRC's argument regarding "outside pressures" is beyond the purview of BHA. An agency's exercise of its enforcement discretion is not subject to judicial review. *Com. v. Sanico, Inc.*, 830 A.2d 621, 629 n.14 (Pa. Commw. 2003), *In re Frawley*, 364 A.2d 748 (Pa. Commw. 1976). Communications by and with advocates outside the agency are irrelevant, as well. The issue before BHA was whether BHSL properly revoked and non-renewed BCRC's certificate of compliance because it does not meet applicable statutory or regulatory definitions, not the motivation or recommendation of other interested parties.

Furthermore, even in cases in which this disparate treatment argument is raised as an equal protection claim, the party raising it must show both (a) that similarly situated persons have been treated differently, and (b) that the decisions were made on some unjustifiable basis such as race, religion, or other arbitrary standard. *Correl v. Dep't of Transp.*, 726 A.2d 427, 431 (Pa. Commw. 1999), *aff'd without opinion* 769 A.2d 442 (Pa. 2001). BCRC has not raised any equal protection claim here. It has also failed to identify a similarly situated person or facility, and has stated no unjustifiable basis for the determination that it is not operating as a child residential facility.

Even if the communications with advocates involving the Secretary of Human Services were properly before BHA and relevant to this appeal, they do not show an intent "to shut BCRC down." Instead, they represent a response to advocates' legitimate inquires about the length and conditions of detention at BCRC, *see* Exh. A-47, A-49, A-50, A-51, A-52, and the Secretary's "primary concern for the health and safety of children and families at the BCRC," Exh. A-51. Other internal communications show only discussion and revision to communications regarding the October 22, 2015 letter

Exhibit BBB - Page 589

requesting BCRC's intent for its future operations. Exh. A-55. In light of these concerns regarding the treatment of BCRC residents and operation of the facility, the instruction to postpone decision on BCRC's expansion request is rational. *See* Exh. A-53.

In addition, the Secretary's statement to a federal official on May 26, 2015, that "We currently believe that we do not have any basis under state law to revoke the license," Exh. A-51, does not render the revocation and non-renewal action of January 27, 2016 arbitrary and capricious. Instead, it is consistent with the Department's continued renewal of BCRC's certificate of compliance after it began detaining family units. Like the continued renewals, however, that statement by the Secretary does not bind the Department to indefinitely continue to issue certificates of compliance for which BCRC no longer meets applicable statutory and regulatory definitions.

BHA committed an error of law in holding that BHSL's action to revoke and non-renew BCRC's certificate of compliance was arbitrary and capricious.

### D.    The Department Did Not Change Its Argument During the Proceedings.

BHA's conclusion that the Department has changed its argument during the course of this case is incorrect. *See* Adjudication at 13. BHSL's position has remained constant throughout this matter. It is undisputed that BCRC's immigration program opened and was licensed for children only in 1998, and changed to a family-only program in 2002. BCRC, having made that change in operation, no longer meets the relevant statutory and regulatory definitions. *See* 62 P.S. § 901, defining "children's institutions," 62 P.S. § 1001, defining "boarding home for children," 55 Pa. Code §

Exhibit BBB - Page 590

3800.5, defining "child residential facility." Therefore, BCRC is no longer eligible for a certificate of compliance to operate a child residential facility. [1]

BHA incorrectly reasons that "If BCRC is not a child residential facility . . . , the Department cannot revoke something which it had no authority to grant in the first place." Adjudication at 13. This statement, rather than BHSL's arguments, is "circular." *Id.* Simply, the fact that the Department could or should have taken action to revoke or non-renew BCRC's certificate of compliance earlier does not prevent the Department from doing so now or permit BCRC to the perennial renewal its certificate of compliance when it does not meet applicable statutory and regulatory definitions. *Gangwere v. State Architects Lic. Bd.*, 512 A.2d 1301, 1306 (Pa. Commw. 1986), *Quinn v. State Bd. of Auctioneers*, 650 A.2d 1182, 1184 (Pa. Commw. 1994).

BHA committed errors of law in its Adjudication. Therefore, the Order sustaining BCRC's appeal should be reversed.

---

[1] BHA provides no citation to the record, and none exists, to support its statement "So the Department then argued that BCRC was housing adults with children in violation of the 3800 regulations." Adjudication at 13. The Department has not stated that housing adults in a child residential facility is a regulatory violation. Exh. A-25 at 2; N.T. 40, 104, 138, 164-165, 181-182, 184-187.

Exhibit BBB - Page 591

## Conclusion

For the foregoing reasons, this April 20, 2017 Order of the Bureau of Hearings

and Appeals should be REVERSED, and BCRC's appeal should be DENIED.

Respectfully submitted,

Date:  5-5-17

Daniel Fellin, Deputy Chief Counsel

Department of Human Services
Office of General Counsel
Health and Welfare Building
3rd Floor West
Harrisburg, PA  17120
Phone:  (717) 783-2800

Atty I.D. # 76621

- 10 -

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF HUMAN SERVICES**
**BUREAU OF HEARINGS AND APPEALS**

IN THE APPEAL OF:      **Berks County Residential Center**
                       **BHA ID No. 9999**
                       **BHA Docket No. 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**
                       **Child Residential and Day Treatment Facility**

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing
**APPLICATION/PETITION FOR RECONSIDERATION** upon all parties of record
in this proceeding in accordance with the requirements of 1 Pa. Code § 33.32 (relating to
service by a participant), by mailing a true and correct copy of the documents to either
the parties directly, or to their counsel of record at the addresses shown below by first
class mail, postage prepaid:

Matthew J. Connell, Esq.
Tricia A. Ambrose, Esq.
The MacMain Law Group LLC
101 Lindenwood Drive, Suite 160
Malvern, PA  19355

(Counsel for Appellant)

Date:  5-5-17

Daniel Fellin, Deputy Chief Counsel

Department of Human Services
Office of General Counsel
Health and Welfare Building
3rd Floor West
Harrisburg, PA  17120
Phone:  (717) 783-2800

Atty I.D. # 76621

# EXHIBIT E

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF HUMAN SERVICES**

**APPEAL OF:**                    **DOCKET NO.:** 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
Berks County Residential Center
Attn: Executive Director
1040 Berks Road
Leesport, PA 19533

## ORDER OF REMAND

**AND NOW**, having granted the Department's application for reconsideration of the decision entered into by the Bureau of Hearings and Appeals in this matter, it is hereby **ORDERED** and **DECREED** that the Order entered by the Bureau of Hearings and Appeals in this matter on April 20, 2017 is **SET ASIDE** and the appeal is **REMANDED** to the Bureau of Hearings and Appeals.

The findings of fact in this adjudication are inadequate to address the long and unique history of this facility. Furthermore, the adjudication does not address any of the Department's exhibits and apparently does not take into consideration the post-hearing briefs. Perhaps of even greater concern is that in his conclusion the ALJ states that the hearing record is unclear whether Berks County Residential Center ("BCRC") is a type of facility that is required to be licensed by the Commonwealth but does not include any detailed discussion of Chapter 3800 or the services that BCRC is licensed for within the adjudication. Had he done so, the ALJ may very well have been able to come to a determination in this matter.

This appeal is remanded to the Bureau of Hearings and Appeals in accordance with the aforementioned to correct these issues.

The Bureau of Hearings and Appeals is directed to:

- Include sufficient findings of fact supported by substantial evidence to adequately describe the long licensing and operating history of this facility;

- Explain any credibility determinations;

- Examine and discuss the licenses issued to the facility, which were submitted for the hearing record by both parties, including a discussion of the types of services the facility is licensed to provide;

Exhibit BBB - Page 595

- Compare the types of services actually provided at the facility to the description of services listed on the license;

- Compare the types of services actually provided at the facility to the spirit of Chapter 3800 and the definition of a child residential facility;

- Include all applicable statutes, regulations and Departmental policy considered during the creation of the adjudication under the "Applicable Law" section of the adjudication;

- Discuss the post-hearing briefs, and incorporate a breakdown and analysis of their arguments in a new adjudication; and,

- Include a detailed discussion of the Department's licensing powers under Chapter 3800 and the extent to which the Department can or cannot change its interpretation on matters or correct errors.

The BHA may, but is not required to, reconvene the hearing to accept additional testimony and exhibits to clarify these points and to support new findings of fact. The BHA is to issue a new and comprehensive adjudication.

JAN 3 0 2018
_____
Deputy Secretary's Review and
Mailing Date

Cathy A Utz
_____
Cathy Utz, Deputy Secretary
Department of Human Services

cc: Berks County Residential Center
   Matthew J Connell Esq
   Human Services Licensing
   Dan Fellin, Esq.
   Tricia A Ambrose Esq
   David Dudley, ALJ
   Matt McFadden, Supervisor

# EXHIBIT F

**Miscellaneous Docket Sheet**

**Commonwealth Court of Pennsylvania**

**Docket Number:  8 MD 2017**

**Page 1 of 8**

**September 25, 2019**



| CAPTION |
|---|

The County of Berks,
Petitioner
v.
Ted Dallas, Secretary of
The Commonwealth of
Pennsylvania, The Department
of Human Services, in his Official
Capacity, The Commonwealth of
Pennsylvania, Department of Human
Services,
Respondents

| CASE INFORMATION |
|---|

| | | |
|---|---|---|
| Initiating Document: | Complaint | |
| Case Status: | Active | |
| Case Processing Status: | February 3, 2017 | Active Stay |
| Journal Number: | | |
| Case Category: | Miscellaneous | Case Type(s): | Mandamus, Writ of |

| CONSOLIDATED CASES | | RELATED CASES |
|---|---|---|

| | Docket No / Reason | Type |
|---|---|---|
| | 465 CD 2018 | Related |
| | Similar Issue(s) | |
| | 1059 CD 2018 | Related |
| | Similar Issue(s) | |
| | 13 MD 2018 | Related |
| | Similar Issue(s) | |
| | 100 MD 2018 | Related |
| | Similar Issue(s) | |

| COUNSEL INFORMATION |
|---|

**Petitioner**     **The County of Berks**
Pro Se:            No
IFP Status:

| | |
|---|---|
| Attorney: | Connell, Matthew John |
| Law Firm: | The MacMain Law Group, LLC |
| Address: | Macmain Law Group LLC |
| | 433 W Market St Ste 200 |
| | West Chester, PA 19382 |
| Phone No: | (484) 318-7803 |      Fax No: |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assume any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

**Miscellaneous Docket Sheet**

**Commonwealth Court of Pennsylvania**

**Docket Number:  8 MD 2017**

**Page 2 of 8**



**September 25, 2019**

| COUNSEL INFORMATION |
|---|

**Petitioner**      **The County of Berks**

Pro Se:                          No

IFP Status:

| | | |
|---|---|---|
| Attorney: | Ambrose, Tricia Marie | |
| Law Firm: | MacMain Law Group, LLC | |
| Address: | The Macmain Law Group LLC | |
| | 433 W Market St Ste 200 | |
| | West Chester, PA 19382 | |
| Phone No: | (484) 328-3997 | Fax No: |

**Respondent**      **Department of Human Services**

Pro Se:                          No

IFP Status:

| | | |
|---|---|---|
| Attorney: | Fellin, Daniel M. | |
| Law Firm: | Pennsylvania Department of Human Services | |
| Address: | PA Dept of Human Services | |
| | 7TH & Forster Sts 3rd Fl W | |
| | Harrisburg, PA 17120-0001 | |
| Phone No: | (717) 705-0614 | Fax No: |

| | | |
|---|---|---|
| Attorney: | Rubenstein, Megan Ann | |
| Law Firm: | Pennsylvania Department of Human Services | |
| Address: | Pa Dept Of Human Services | |
| | 205 S Washington St | |
| | Wilkes-Barre, PA 18711 | |
| Phone No: | (570) 820-4851 | Fax No: |

**Respondent**      **Dallas, Ted**

Pro Se:                          No

IFP Status:

| | | |
|---|---|---|
| Attorney: | Fellin, Daniel M. | |
| Law Firm: | Pennsylvania Department of Human Services | |
| Address: | PA Dept of Human Services | |
| | 7TH & Forster Sts 3rd Fl W | |
| | Harrisburg, PA 17120-0001 | |
| Phone No: | (717) 705-0614 | Fax No: |

| FEE INFORMATION |
|---|

| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
|---|---|---|---|---|---|
| 01/06/2017 | Miscellaneous Docket Filing Fee | 65.50 | 01/06/2017 | 2017-CMW-H-000037 | 65.50 |

| AGENCY/TRIAL COURT INFORMATION |
|---|

Order Appealed From:                                        Notice of Appeal Filed:
Order Type:
Documents Received:      January 6, 2017

Court Below:
County:                                                            Division:
Judge:                                                             OTN:
Docket Number:                                                Judicial District:

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

Exhibit BBB - Page 599

**Miscellaneous Docket Sheet**

**Docket Number:  8 MD 2017**

**Page 3 of 8**

**September 25, 2019**

**Commonwealth Court of Pennsylvania**



| ORIGINAL RECORD CONTENT | | |
|---|---|---|
| Original Record Item | Filed Date | Content Description |

Date of Remand of Record:

| BRIEFING SCHEDULE | |
|---|---|
| None | None |

| DOCKET ENTRY | | | | |
|---|---|---|---|---|
| Filed Date | Docket Entry / Filer | Representing | Participant Type | Exit Date |
| **January 6, 2017** | Complaint Filed | | | |
| | The County of Berks | | Petitioner | |
| **January 6, 2017** | Application for Relief | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| Document Name: | App. for Special Relief Seeking a Preliminary Injunction | | | |
| **January 6, 2017** | Praecipe for Evidentiary Hearing | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| **January 9, 2017** | Praecipe | | | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| Document Name: | Praecipe to Substitute Amended Cert of Service | | | |
| **January 13, 2017** | Status Conference Scheduled | | | 01/17/2017 |
| | Per Curiam | | | |
| Document Name: | for 1-27-17, 11:00 am.  The conference shall be conducted by telephone call to the offices of | | | |
| Comment: | counsel of record and shall originate from the chambers of a designated judge of the Comm. Ct. sitting in HBG.  Cell phones may not be used. | | | |
| **January 19, 2017** | Entry of Appearance | | | |
| | Fellin, Daniel M. | Dallas, Ted | Respondent | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| **January 23, 2017** | Return of Service | | | |
| | Sheriff | | | |
| Document Name: | Sheriff's Return | | | |

Exhibit BBB - Page 600

**Miscellaneous Docket Sheet**

**Docket Number:  8 MD 2017**

**Page 4 of 8**

**September 25, 2019**

**Commonwealth Court of Pennsylvania**



| DOCKET ENTRY |
| --- |

| Filed Date | Docket Entry / Filer | Representing | Participant Type | Exit Date |
| --- | --- | --- | --- | --- |

**February 3, 2017**   Order Filed                                                                      02/03/2017
Leadbetter, Bonnie Brigance

Document Name:   Stipulation and Order : On January 6, 2017, the County of Berks ("County"), filed a Complaint in

Comment:   Mandamus seeking a Judgment directing that the Department of Human Services ("DHS") act on the County's application for a Certificate of Compliance, pursuant to 55 Pa. Code 3800, for 2017-2018 to operate the Berks County Residential Center ("BCRC"). Also on January 6, 2017, the County filed an Application for Relief Seeking a Preliminary Injunction requesting an Order from this Court that

would prevent any action from DRS that would impact the current (2016-2017) Certificate of Compliance under which the BCRC currently operates and which is set to expire as of February 21, 2017. The request for an injunction sought an Order that would maintain the status quo of the Certificate of Compliance and operation of the BCRC pending the outcome of this Mandamus action and appeal pending before the Bureau of Hearings and Appeals. An appeal is currently pending before the Bureau of Hearings and Appeals

(case no. 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; "BHA Appeal") concerning the 2016-2017 Certificate of Compliance. The purpose of this Stipulation and Order is to maintain the status quo of the Certificate of Compliance during the pendency of that appeal before the BHA and this Mandamus action. Therefore, the parties, The County of Berks, Ted Dallas and the Commonwealth of Pennsylvania, Department of Human Services,

by and through their undersigned counsel, HEREBY STIPULATE AND AGREE, and it is ORDERED by the Court, that this Mandamus action and the decision on the Plaintiff/Petitioner's Application for Relief Seeking a Preliminary Injunction are stayed. It is further ORDERED that during the pendency of this action and the BHA appeal:

1. The BCRC shall be permitted to continue to provide a residential family program to undocumented immigrant families seeking asylum with the Department of Homeland Security, Immigration Customs Enforcement;

2. The BCRC shall be permitted to continue to operate pursuant to the regulations of 55 Pa. Code§ 3800 et. seq;

3. This Stipulation is intended to maintain the status quo and permit the BCRC to continue to operate pursuant to the 2016-2017 Certificate of Compliance despite the expiration of the Certificate of Compliance on February 21, 2017.

4. This Stipulation is in no way intended to limit or inhibit DHS' rights to take action on the Certificate of Compliance of the BCRC pursuant to 55 Pa. Code§ 20.37, which reads in pertinent part that, if the Department finds evidence of gross incompetence, negligence, misconduct in operating the facility or agency, or mistreatment or abuse of clients, likely to constitute an immediate and serious danger to the life or health of the clients, the Department will take immediate action to remove the clients from the

facility or agency. It is further acknowledged by the parties that the County retains all applicable appeal rights related to such action.

5. This Stipulation is no way intended to limit or inhibit the BCRC's rights to appeal any adverse decision of the BHA and/or seek a stay and/or supersedeas of any adverse order of the BHA with regard to the operation of the BCRC.

**February 6, 2017**   Order Directing Status Report                                                     02/07/2017
Per Curiam

Document Name:   In light of the stipulation and order filed 2-3-17, the parties are directed to file a status report

Comment:   within 10 days of the Bureau of Hearings and Appeal's disposition of the pending appeal or by 5-8-17, whichever is earlier.

Exhibit BBB - Page 601

**Miscellaneous Docket Sheet**

**Commonwealth Court of Pennsylvania**

**Docket Number:  8 MD 2017**

**Page 5 of 8**

**September 25, 2019**



| | DOCKET ENTRY | | | |
|---|---|---|---|---|
| Filed Date | Docket Entry / Filer | Representing | Participant Type | Exit Date |
| **May 2, 2017** | Status Report Filed | | | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Fellin, Daniel M. | Dallas, Ted | Respondent | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| Document Name: | Joint | | | |
| **May 3, 2017** | Order Directing Status Report | | | 05/04/2017 |
| | Per Curiam | | | |
| Document Name: | The parties shall file a joint status report within 10 days of disposition of DHS' request for | | | |
| Comment: | reconsideration, or by 8-3-17, whichever comes first. | | | |
| **June 2, 2017** | Status Report Filed | | | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| | Fellin, Daniel M. | Dallas, Ted | Respondent | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| Document Name: | Joint | | | |
| **June 6, 2017** | Order Directing Further Status Report | | | 06/07/2017 |
| | Per Curiam | | | |
| Document Name: | The parties shall file a joint status report within 10 days of disposition of the issuance of a | | | |
| Comment: | final order following reconsideration, or by 9-5-17, whichever comes first. | | | |
| **August 31, 2017** | Status Report Filed | | | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Fellin, Daniel M. | Dallas, Ted | Respondent | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| Document Name: | Joint | | | |
| **September 12, 2017** | Order Directing Further Status Report | | | 09/13/2017 |
| | Per Curiam | | | |
| Document Name: | The parties shall file a joint status report within 10 days of the issuance of a final order | | | |
| Comment: | following reconsideration or by 12-12-17, whichever comes first. | | | |
| **December 11, 2017** | Status Report Filed | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Fellin, Daniel M. | Dallas, Ted | Respondent | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| Document Name: | Joint | | | |
| **December 13, 2017** | Order Directing Further Status Report | | | 12/14/2017 |
| | Per Curiam | | | |
| Document Name: | The 2-3-17 stipulation and order shall remain in effect.  Parties shall file a status report within | | | |
| Comment: | 10 days of the issuance of a final order following reconsideration, or by 3-12-18, whichever comes first. | | | |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

Exhibit BBB - Page 602

**Miscellaneous Docket Sheet**

**Commonwealth Court of Pennsylvania**

**Docket Number:  8 MD 2017**

**Page 6 of 8**

**September 25, 2019**



| | DOCKET ENTRY | | | |
|---|---|---|---|---|
| Filed Date | Docket Entry / Filer | Representing | Participant Type | Exit Date |
| **February 9, 2018** | Status Report Filed | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Fellin, Daniel M. | Dallas, Ted | Respondent | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| Document Name: | Joint | | | |
| **February 14, 2018** | Order Directing Further Status Report | | | 02/15/2018 |
| | Per Curiam | | | |
| Document Name: | The 2-3-17 stipulation and order shall remain in effect.  Parties shall file a status report within | | | |
| Comment: | 10 days of disposition of the pending request for reconsideration or by 4-16-18, whichever is earlier. | | | |
| **April 16, 2018** | Status Report Filed | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Fellin, Daniel M. | Dallas, Ted | Respondent | |
| Document Name: | Joint Statu   Report | | | |
| **April 26, 2018** | Order Directing Further Statu   Report | | | 04/27/2018 |
| | Brob  on, P  Kevin | | | |
| Document Name: | The 2-3-17 stipulation and order shall remain in effect.  The parties shall file a status report | | | |
| Comment: | within 10 days of the BHA's adjudication related to Residential Center's 2016-2017 license, or by 6-26-18, whichever is earlier. | | | |
| **July 2, 2018** | Order Directing Status Report | | | 07/02/2018 |
| | Per Curiam | | | |
| Document Name: | The parties shall file a status report by 7-12-18 or the matter will be dismissed. | | | |
| **July 2, 2018** | Status Report Filed | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Fellin, Daniel M. | Dallas, Ted | Respondent | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| Document Name: | Joint | | | |
| **July 10, 2018** | Order Directing Status Report | | | 07/11/2018 |
| | Ceisler, Ellen | | | |
| Document Name: | The 2-3-17 stipulation and order shall remain in effect.  The parties shall fiel a status report | | | |
| Comment: | within 10 days of the BHA's adjudication related to Berks County Residential Center's 2016-2017 license, or by 9-10-18 whichever is earlier. | | | |
| **September 10, 2018** | Status Report Filed | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Fellin, Daniel M. | Dallas, Ted | Respondent | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| Document Name: | Joint | | | |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

Exhibit BBB - Page 603

**Miscellaneous Docket Sheet**

**Docket Number:  8 MD 2017**

**Page 7 of 8**

**September 25, 2019**

**Commonwealth Court of Pennsylvania**



| DOCKET ENTRY | | | | |
|---|---|---|---|---|
| Filed Date | Docket Entry / Filer | Representing | Participant Type | Exit Date |
| **September 11, 2018** | Order Directing Status Report | | | 09/12/2018 |
| | Ceisler, Ellen | | | |
| Document Name: | The 2-3-17 stipulation and order shall remain in effect.  The parties shall file a status report | | | |
| Comment: | within 10 days of the BHA's adjudication related to Berks County Residential Center's 2016-2017 license, or by 11-13-18, whichever occurs earlier. | | | |
| **November 13, 2018** | Joint Status Report | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Fellin, Daniel M. | Dallas, Ted | Respondent | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| Document Name: | filed pursuant to this Court's Order of September 11, 2018 | | | |
| **November 16, 2018** | Order Directing Further Status Report | | | 11/19/2018 |
| | Colins, James G. | | | |
| Document Name: | The 2-3-17 stipulation and order shall remain in effect.  The parties shall file a further status | | | |
| Comment: | report within 10 days of the BHA's adjudication, or by 1-15-19, whichever is earlier. | | | |
| **January 25, 2019** | Order Directing Status Report | | | 01/28/2019 |
| | Simpson, Robert E. | | | |
| Document Name: | The parties failed to file a status report as directed by the court's order of 11-16-18, the parties | | | |
| Comment: | shall file a status report by 2-5-19 or the court will convene a status conference. | | | |
| **January 29, 2019** | Joint Status Report | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Fellin, Daniel M. | Dallas, Ted | Respondent | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| Document Name: | Joint Status Report filed in compliance with Court Orders of November 16th and January 25th | | | |
| **January 31, 2019** | Order Directing Further Status Report | | | 02/01/2019 |
| | Simpson, Robert E. | | | |
| Document Name: | The 2-3-17 stipulation and order shall remain in effect.  The parties shall file a further status | | | |
| Comment: | report within 10 days of the BHA's adjudication, or by 4-1-19, whichever occurs earlier. | | | |
| **March 19, 2019** | Entry of Appearance | | | |
| | Rubenstein, Megan Ann | Department of Human Services | Respondent | |
| **April 1, 2019** | Joint Status Report | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Rubenstein, Megan Ann | Department of Human Services | Respondent | |
| Document Name: | Joint S.R. | | | |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assume any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

Exhibit BBB - Page 604

11:16 A.M.

**Miscellaneous Docket Sheet**

**Docket Number:  8 MD 2017**

**Page 8 of 8**

**September 25, 2019**

**Commonwealth Court of Pennsylvania**



| | | | | |
|---|---|---|---|---|
| | | **DOCKET ENTRY** | | |

| Filed Date | Docket Entry / Filer | Representing | Participant Type | Exit Date |
|---|---|---|---|---|
| **April 2, 2019** | Order Filed | | | 04/03/2019 |
| | Leavitt, Mary Hannah | | | |
| Document Name: | upon consideration of the parties' April 1, 2019 joint status report, it | | | |
| Comment: | appears that the parties still await a decision from the Bureau of Hearings and Appeals (BHA) addressing the January 30, 2018 order of the Department of Human Services, which set aside the Administrative Law Judge's decision and remanded the appeal to BHA to issue a new adjudication. Accordingly, the February 3, 2017 stipulation and order shall remain in effect. The parties shall file a further status report within 10 days of the BHA's adjudication, or by June ,3, 2019, whichever occurs earlier. | | | |
| **June 5, 2019** | Joint Status Report | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Rubenstein, Megan Ann | Department of Human Services | Respondent | |
| **June 6, 2019** | Order Directing Further Status Report | | | 06/07/2019 |
| | Fizzano Cannon, Christine | | | |
| Document Name: | The 2-3-17 stipulation and order shall remain in effect.  The parties shall file a further status | | | |
| Comment: | report within 10 days of the BHA's adjudication or by 9-9-19, whichever occurs earlier. | | | |
| **September 9, 2019** | Joint Status Report | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Rubenstein, Megan Ann | Department of Human Services | Respondent | |
| **September 10, 2019** | Order Directing Further Status Report | | | 09/11/2019 |
| | Ceisler, Ellen | | | |
| Document Name: | The 2-3-17 stipulation and order shall remain in effect.  The parties shall file a further status | | | |
| Comment: | report within 10 days of the BHA's adjudication, or by 12-9-19, whichever occurs earlier. | | | |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

Exhibit BBB - Page 605

# EXHIBIT G

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

THE COUNTY OF BERKS,      :
                                      :

                Plaintiff/Petitioner,  :

                                        :

                       v.             :    Docket No. 8 MD 2017
                                        :

TED DALLAS, SECRETARY OF  :
THE COMMONWEALTH OF     :
PENNSYLVANIA, THE          :
DEPARTMENT OF HUMAN     :
SERVICES, IN HIS OFFICIAL   :
CAPACITY, THE              :
COMMONWEALTH OF         :
PENNSYLVANIA, DEPARTMENT :
OF HUMAN SERVICES,       :
                                        :

          Defendants/Respondents.  :

## STIPULATION AND ORDER

On January 6, 2017, the County of Berks ("County"), filed a Complaint in Mandamus seeking a Judgment directing that the Department of Human Services ("DHS") act on the County's application for a Certificate of Compliance, pursuant to 55 Pa. Code 3800, for 2017-2018 to operate the Berks County Residential Center ("BCRC"). Also on January 6, 2017, the County filed an Application for Relief Seeking a Preliminary Injunction requesting an Order from this Court that would prevent any action from DHS that would impact the current (2016-2017) Certificate of Compliance under which the BCRC currently operates and which is set to expire as of February 21, 2017. The request for an injunction sought an

1

Order that would maintain the status quo of the Certificate of Compliance and operation of the BCRC pending the outcome of this Mandamus action and appeal pending before the Bureau of Hearings and Appeals.

An appeal is currently pending before the Bureau of Hearings and Appeals (case no. 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; "BHA Appeal") concerning the 2016-2017 Certificate of Compliance. The purpose of this Stipulation and Order is to maintain the status quo of the Certificate of Compliance during the pendency of that appeal before the BHA and this Mandamus action. Therefore, the parties, The County of Berks, Ted Dallas and the Commonwealth of Pennsylvania, Department of Human Services, by and through their undersigned counsel, HEREBY STIPULATE AND AGREE, and it is ORDERED by the Court, that this Mandamus action and the decision on the Plaintiff/Petitioner's Application for Relief Seeking a Preliminary Injunction are stayed. It is further ORDERED that during the pendency of this action and the BHA appeal:

1. The BCRC shall be permitted to continue to provide a residential family program to undocumented immigrant families seeking asylum with the Department of Homeland Security, Immigration Customs Enforcement;

2. The BCRC shall be permitted to continue to operate pursuant to the regulations of 55 Pa. Code § 3800 et. seq;

2

3. This Stipulation is intended to maintain the status quo and permit the BCRC to continue to operate pursuant to the 2016-2017 Certificate of Compliance despite the expiration of the Certificate of Compliance on February 21, 2017.

4. This Stipulation is in no way intended to limit or inhibit DHS' rights to take action on the Certificate of Compliance of the BCRC pursuant to 55 Pa. Code § 20.37, which reads in pertinent part that, if the Department finds evidence of gross incompetence, negligence, misconduct in operating the facility or agency, or mistreatment or abuse of clients, likely to constitute an immediate and serious danger to the life or health of the clients, the Department will take immediate action to remove the clients from the facility or agency. It is further acknowledged by the parties that the County retains all applicable appeal rights related to such action.

5. This Stipulation is no way intended to limit or inhibit the BCRC's rights to appeal any adverse decision of the BHA and/or seek a stay and/or supersedeas of any adverse order of the BHA with regard to the operation of the BCRC.

3

Respectfully Submitted,

_[signature]_

Matthew J. Connell, Esquire
The MacMain Law Group LLC
101 Lindenwood Drive
Suite 160
Malvern, PA 19355
Counsel for Plaintiff/Petitioner

_[signature]_

Daniel M. Fellin, Esquire
Department of Public Welfare
Office of General Counsel
3rd Floor West,
Health & Welfare Bld
Harrisburg, PA 17120
Counsel for Defendant/
Respondent

As ORDERED on this _3rd_ day of

_February_____, 2017,

_[signature] Bonnie B. Leadbetter_

HON. BONNIE BRIGANCE
LEADBETTER, J.

Certified from the Record

FEB 0 3 2017

And Order Exit

4

Exhibit BBB - Page 610

# EXHIBIT H

**Miscellaneous Docket Sheet**

**Docket Number:  13 MD 2018**

**Page 1 of 7**

**September 25, 2019**

**Commonwealth Court of Pennsylvania**



| CAPTION |
|---|

The County of Berks,
Petitioner
v.
Teresa D. Miller, Acting
Secretary of The Commonwealth
of Pennsylvania, The Department
of Human Services, In Her Official
Capacity, The Commonwealth of
Pennsylvania, Department of
Human Services,
Respondents

| CASE INFORMATION |
|---|

| | | |
|---|---|---|
| Initiating Document: | Petition for Review | |
| Case Status: | Active | |
| Case Processing Status: | May 15, 2019 | Awaiting Answer |
| Journal Number: | | |
| Case Category: | Miscellaneous | Case Type(s): Mandamus, Writ of |

| CONSOLIDATED CASES | RELATED CASES |
|---|---|

| Docket No / Reason | Type |
|---|---|
| 8 MD 2017 | Related |
| Similar Issue(s) | |
| 465 CD 2018 | Related |
| Similar Issue(s) | |
| 1059 CD 2018 | Related |
| Similar Issue(s) | |
| 100 MD 2018 | Related |
| Similar Issue(s) | |

| COUNSEL INFORMATION |
|---|

**Petitioner**     **The County of Berks**
Pro Se:            No
IFP Status:
    Attorney:        Connell, Matthew John
    Law Firm:        The MacMain Law Group, LLC
    Address:         Macmain Law Group LLC
               433 W Market St Ste 200
               West Chester, PA 19382
    Phone No:        (484) 318-7803          Fax No:

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

Exhibit BBB - Page 612

**Miscellaneous Docket Sheet**

**Docket Number:  13 MD 2018**

**Page 2 of 7**

**September 25, 2019**

**Commonwealth Court of Pennsylvania**



| COUNSEL INFORMATION |
|---|

**Petitioner**   **The County of Berks**

Pro Se:                         No

IFP Status:

| | |
|---|---|
| Attorney: | Ambrose, Tricia Marie |
| Law Firm: | MacMain Law Group, LLC |
| Address: | The Macmain Law Group LLC |
| | 433 W Market St Ste 200 |
| | West Chester, PA 19382 |
| Phone No: | (484) 328-3997      Fax No: |

---

**Respondent**   **Miller, Teresa D.**

Pro Se:                         No

IFP Status:

| | |
|---|---|
| Attorney: | Rubenstein, Megan Ann |
| Law Firm: | Pennsylvania Department of Human Services |
| Address: | Pa Dept Of Human Services |
| | 205 S Washington St |
| | Wilkes-Barre, PA 18711 |
| Phone No: | (570) 820-4851      Fax No: |

---

**Respondent**   **Department of Human Services**

Pro Se:                         No

IFP Status:

| | |
|---|---|
| Attorney: | Fellin, Daniel M. |
| Law Firm: | Department of Human Services |
| Address: | PA Dept of Human Services |
| | 7TH & Forster Sts 3rd Fl W |
| | Harrisburg, PA 17120-0001 |
| Phone No: | (717) 783-2800      Fax No: |

---

| | |
|---|---|
| Attorney: | Leisch, Doris M. |
| Law Firm: | PA Department of Human Services |
| Address: | 625 Forster Street |
| | Harrisburg, PA 17120 |
| Phone No: | (717) 783-2800      Fax No: |

---

| | |
|---|---|
| Attorney: | Rubenstein, Megan Ann |
| Law Firm: | Pennsylvania Department of Human Services |
| Address: | Pa Dept Of Human Services |
| | 205 S Washington St |
| | Wilkes-Barre, PA 18711 |
| Phone No: | (570) 820-4851      Fax No: |

| FEE INFORMATION |
|---|

| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
|---|---|---|---|---|---|
| 01/11/2018 | Miscellaneous Docket Filing Fee | 70.25 | 01/11/2018 | 2018-CMW-H-000077 | 70.25 |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assume any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

Exhibit BBB - Page 613

**Miscellaneous Docket Sheet**

**Docket Number:  13 MD 2018**

**Page 3 of 7**

Commonwealth Court of Pennsylvania



**September 25, 2019**

| AGENCY/TRIAL COURT INFORMATION | |
|---|---|

| | |
|---|---|
| Order Appealed From: | Notice of Appeal Filed: |
| Order Type: | |
| Documents Received:    January 11, 2018 | |

| | |
|---|---|
| Court Below: | |
| County: | Division: |
| Judge: | OTN: |
| Docket Number: | Judicial District: |

| ORIGINAL RECORD CONTENT | | |
|---|---|---|
| Original Record Item | Filed Date | Content Description |

Date of Remand of Record:

| BRIEFING SCHEDULE | |
|---|---|
| None | None |

| DOCKET ENTRY | | | | |
|---|---|---|---|---|
| Filed Date | Docket Entry / Filer | Representing | Participant Type | Exit Date |
| **January 11, 2018** | Petition for Review Filed | | | |
| | The County of Berks | | Petitioner | |
| | Document Name:  Complaint in Mandamus and Request for Special Relief | | | |
| **January 11, 2018** | Praecipe for Evidentiary Hearing | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| **January 11, 2018** | Application for Relief | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Document Name:  Application for Special Relief Seeking a Preliminary Injunction. | | | |
| **January 18, 2018** | Affidavit Filed | | | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| | Document Name:  Affidavit of Acceptance of Service | | | |
| **January 18, 2018** | Hearing Scheduled | | | 01/18/2018 |
| | Pellegrini, Dan | | | |
| | Document Name:  Hearing on petitioner's application for special relief seeking a preliminaiy injunction is set for | | | |
| | Comment:  January 23, 2018, at 11:00 a.m. in Courtroom 3001, Third Floor, Pennsylvania Judicial Center, 601 Commonwealth Avenue, Harrisburg, Pennsylvania. Respondents' answer to the application shall be filed and served by 1:00 p.m. on January 22, 2018. <br> Petitioner shall promptly serve respondents with a copy of this Order and shall thereafter promptly file of record a proof of service of same. | | | |
| **January 18, 2018** | Entry of Appearance | | | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| **January 19, 2018** | Certificate of Service Filed | | | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Document Name:  Order served upon respondent per Order dated 1/18/18. | | | |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

**Miscellaneous Docket Sheet**

**Docket Number:  13 MD 2018**

**Page 4 of 7**

**September 25, 2019**

**Commonwealth Court of Pennsylvania**



| DOCKET ENTRY | | | | |
| --- | --- | --- | --- | --- |
| Filed Date | Docket Entry / Filer | Representing | Participant Type | Exit Date |
| **January 19, 2018** | Application for Stay | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| | Document Name: (Joint) of the Preliminary Injunction of Plaintiff/Petitioner, The County of Berks | | | |
| **January 22, 2018** | Order Granting Application for Stay | | | 01/22/2018 |
| | Brobson, P. Kevin | | | |

Document Name: Upon consideration of the joint application for stay it is hereby Ordered: 1. This matter is stayed

Comment: pending further Order of this Court. The parties shall file a joint report on the status of this matter on or before April 16, 2018.

2. The hearing on petitioner's application for special relief seeking

a preliminary injunction set for January 23, 2017 at 11:00 a.m. in Courtroom 3001, Third Floor, Pennsylvania Judicial Center, 601

Commonwealth A venue, Harrisburg, Pennsylvania is cancelled. 3. Respondents shall file a response to petitioner's complaint in

mandamus and request for special relief within 30 days of an order lifting the stay.

4. The Berks County Residential Center (BCRC) shall be permitted to continue to provide a residential family program to

undocumented immigrant families seeking asylum with the Department of Homeland Security , Immigration Customs Enforcement;

5. The BCRC shall be permitted to continue to operate pursuant to the regulations of 55 Pa. Code §3800 et. seq.;

6. The joint stay is intended to maintain the status quo and permit the BCRC to continue to operate pursuant to the 2016-2017

Certificate of Compliance despite the expiration of the Certificate of Compliance and Department of Human Services (DHS) failure

to act on BCRC application for the 2018-2019 Certification of Compliance;

7. This joint stay is in no way intended to limit or inhibit DHS's rights to take action on the Certificate of Compliance of the

BCRC pursuant to 55 Pa. Code §20.37, which reads, in pertinent part that, if DHS finds evidence of gross incompetence,

negligence, misconduct in operating the facility or agency, or mistreatment or abuse of clients, likely to constitute an immediate

and serious danger to the life or health of the clients, DHS will take immediate action to remove the clients, DHS will take

immediate action to remove the clients from the facility or agency. It is further acknowledged by the parties that the County

retains all applicable appeal rights related to such action;

8. The joint stay is in no way intended to limit or inhibit the BCRC's rights to appeal any adverse decision of the Bureau of Hearings

and Appeals (BHS) and/or seek a stay and/or supersedeas of any adverse order of the BHA with regard to the operation of the

BCRC;

9. This joint stay is no way intended to limit or inhibit the BCRC's rights to appeal any adverse decision of DHS with regard to their

application for the 2018-2019 Certificate of Compliance.

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

**Miscellaneous Docket Sheet**                              **Commonwealth Court of Pennsylvania**

**Docket Number:  13 MD 2018**

**Page 5 of 7**

**September 25, 2019**



| DOCKET ENTRY | | | | |
|---|---|---|---|---|
| Filed Date | Docket Entry / Filer | Representing | Participant Type | Exit Date |
| **April 16, 2018** | Status Report Filed | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| Document Name: | Joint Status Report | | | |
| **April 26, 2018** | Order Directing Status Report | | | 04/27/2018 |
| | Brobson, P. Kevin | | | |

Document Name:  Upon consideration of the joint status report filed on April 16, 2018, it appears that this Court

Comment:  issued an order on January 22, 2018, granting the parties' joint application to stay these proceedings. It further appears that the resolution of the instant action is contingent on the outcome of the administrative proceeding currently pending before the Bureau of

Hearings and Appeals (BHA) related to the revocation of the Berks County Residential Center's (Residential Center's) 2016-2017 license (2016 license litigation). With regard to the 2016 license litigation, it appears that on January 30, 2018, respondent Department of Human Services (DHS) entered an order setting aside the decision of the BHA and remanding the matter to the BHA to issue a new

adjudication relating to Residential Center's 2016-2017 license. It further appears that Residential Center filed a motion for reconsideration of that order, which was denied by order dated March 12, 2018. Residential Center sought to challenge the denial of reconsideration in the case at No. 465 C.D. 2018 by filing a petition for review under the note to Pa. R.A.P. 1311. Residential Center also filed a dual jurisdiction action at No. 100 M.D. 2018, challenging the January 30, 2018 DHS order. By orders dated April 26, 2018, this Court: (1) quashed the case at No. 100 M.D. 2018; and (2) denied the petition for review filed under the note to Pa. R.A.P. 1311 in the case at No. 465 C.D. 2018. Accordingly, the January 22, 2018 stay shall remain in effect. The parties shall file a status report within 10 days of the BHA's adjudication related to Residential Center's 2016 license litigation, or by June 26, 2018, whichever is earlier.

| **June 26, 2018** | Status Report Filed | | | |
|---|---|---|---|---|
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| Document Name: | Joint | | | |
| **June 27, 2018** | Order Directing Status Report | | | 06/28/2018 |
| | Simpson, Robert E. | | | |

Document Name:  Upon consideration of the joint status report filed on June 26, 2018, it appears that on

Comment:  May 1, 2018, the Bureau of Hearings and Appeals (BHA) ordered that the parties file briefs with regard to the Department of Human Services' (DHS) January 30, 2018 remand order on or before July 2, 2018, and any reply briefs on or before July 17, 2018. Accordingly, the January 22, 2018 stay shall remain in effect. The parties shall file a status report within 10 days of the BHA's adjudication related to Berks County Residential Center's 2016-2017 license litigation, or by August 27, 2018, whichever is earlier.

| **August 27, 2018** | Status Report Filed | | | |
|---|---|---|---|---|
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Fellin, Daniel M. | Department of Human Services | Respondent | |
| Document Name: | Joint Status Report | | | |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

Exhibit BBB - Page 616

**Miscellaneous Docket Sheet**

**Docket Number:  13 MD 2018**

**Page 6 of 7**

**September 25, 2019**

**Commonwealth Court of Pennsylvania**



| DOCKET ENTRY | | | | |
|---|---|---|---|---|
| Filed Date | Docket Entry / Filer | Representing | Participant Type | Exit Date |

**August 27, 2018**    Order Filed                               08/28/2018

Colins, James G.

Document Name:  upon consideration of the joint status report filed on August 27, 2018, it appears that the parties

Comment:  have filed briefs wi.th the Bureau of Hearings and Appeals (BI-IA) with regard to the Depaiiment of Human Services' (DBS) January 30, 2018 remand order and currently await a decision from BRA.

Accordingly, the January 22, 2018 stay shall remain in effect. The parties shall file a status report within 10 days of the BHA's adjudication related to Berks County Residential Center's 2016-2017 license litigation, or by October 29, 2018, whichever is earlier.

**October 26, 2018**    Status Report Filed

Connell, Matthew John      The County of Berks      Petitioner

Fellin, Daniel M.            Department of Human Services      Respondent

Document Name:  Joint Status Report

**October 29, 2018**    Order Directing Further Status Report             10/30/2018

Wojcik, Michael H.

Document Name:  Upon consideration of the joint status report filed on October 26, 2018, it appears that a decision

Comment:  from the Bureau of Hearings and Appeals (BHA) with regard to the Department of Human Services' January 30, 2018 remand order remains pending. Accordingly, the stay of this case shall remain in effect. The parties shall file a further status report within 10 days of the BHA's adjudication related to the remand order, or by December 28, 2018, whichever is earlier.

**December 28, 2018**    Joint Status Report

Connell, Matthew John      The County of Berks      Petitioner

Fellin, Daniel M.            Department of Human Services      Respondent

Document Name:  Joint S.R.

**January 2, 2019**    Order Directing Further Status Report             01/03/2019

Wojcik, Michael H.

Document Name:  Upon consideration of the joint status report filed on December 28, 2018, it appears that a decision

Comment:  from the Bureau of Hearings and Appeals (BHA) with regard to the Department of Human Services' January 30, 2018 remand order remains pending. Accordingly, the stay of this case shall remain in effect. The parties shall file a further status report within 10 days of the BHA's adjudication related to the remand order, or by March 4, 2019, whichever is earlier.

**March 4, 2019**    Filed - Other

Connell, Matthew John      The County of Berks      Petitioner

Document Name:  re: status report and counsel

**March 4, 2019**    Status Report Filed

Connell, Matthew John      The County of Berks      Petitioner

Ambrose, Tricia Marie      The County of Berks      Petitioner

Fellin, Daniel M.            Department of Human Services      Respondent

Document Name:  Joint

Exhibit BBB - Page 617

11:19 A.M.

**Miscellaneous Docket Sheet**

**Commonwealth Court of Pennsylvania**

**Docket Number:  13 MD 2018**

**Page 7 of 7**



**September 25, 2019**

| | | | | |
|---|---|---|---|---|
| **DOCKET ENTRY** | | | | |
| Filed Date | Docket Entry / Filer | Representing | Participant Type | Exit Date |
| **March 8, 2019** | Order Directing Further Status Report | | | 03/11/2019 |
| | Fizzano Cannon, Christine | | | |

Document Name: Upon consideration of the joint status report filed on March 4, 2019, it appears that a decision

Comment: from the Bureau of Hearings and Appeals (BHA) with regard to the Department of Human Services' January 30, 2018 remand order remains pending. Accordingly, the stay of this case shall remain in effect. The parties shall file a further status report within 10 days of the BHA' s adjudication related to the remand order, or by May 8, 2019, whichever is earlier.

| | | | | |
|---|---|---|---|---|
| **March 19, 2019** | Entry of Appearance | | | |
| | Rubenstein, Megan Ann | Miller, Teresa D. | Respondent | |
| | Rubenstein, Megan Ann | Department of Human Services | Respondent | |
| **May 8, 2019** | Joint Status Report | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Rubenstein, Megan Ann | Miller, Teresa D. | Respondent | |
| **May 10, 2019** | Order Filed | | | 05/13/2019 |
| | Ceisler, Ellen | | | |

Document Name: Upon consideration of the joint status report filed on May 8, 2019, it appears that a decision from

Comment: the Bureau of Hearings and Appeals (BHA) with regard to the Department of Human Services' January 30, 2018 remand order remains pending. Accordingly, the stay of this case shall remain in effect. The parties shall file a further status report within 10 days of the BHA's adjudication related to the remand order, or by September 9, 2019, whichever is earlier.

| | | | | |
|---|---|---|---|---|
| **September 9, 2019** | Joint Status Report | | | |
| | Connell, Matthew John | The County of Berks | Petitioner | |
| | Ambrose, Tricia Marie | The County of Berks | Petitioner | |
| | Rubenstein, Megan Ann | Miller, Teresa D. | Respondent | |
| **September 11, 2019** | Order Directing Further Status Report | | | 09/12/2019 |
| | Wojcik, Michael H. | | | |

Document Name: NOW, September 11, 2019, upon consideration of the parties' Joint

Comment: Status Report, the Court's January 17, 2019 order, including the stay of this case, remains in effect. The parties shall file a further Joint Status Report within 10 days of a decision of the Bureau of Hearings and Appeals on the January 3 0, 2018 remand, or no later than December 9, 2019, whichever is earlier.

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

Exhibit BBB - Page 618

# EXHIBIT I

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The County of Berks,
                     Petitioner     :
                                      :

                v.                :           No. 13 M.D. 2018
                                      :

Teresa D. Miller, Acting        :
Secretary of The Commonwealth  :
of Pennsylvania, The Department  :
of Human Services, In Her Official  :
Capacity, The Commonwealth of   :
Pennsylvania, Department of     :
Human Services,                :
                   Respondents  :

## O R D E R

NOW, January 22, 2018, upon consideration of the joint application for stay it is hereby Ordered:

1.  This matter is stayed pending further Order of this Court.  The parties shall file a joint report on the status of this matter on or before April 16, 2018.

2.  The hearing on petitioner's application for special relief seeking a preliminary injunction set for January 23, 2017 at 11:00 a.m. in Courtroom 3001, Third Floor, Pennsylvania Judicial Center, 601 Commonwealth Avenue, Harrisburg, Pennsylvania is cancelled.

3.  Respondents shall file a response to petitioner's complaint in mandamus and request for special relief within 30 days of an order lifting the stay.

4.  The Berks County Residential Center (BCRC) shall be permitted to continue to provide a residential family program to undocumented immigrant families seeking asylum with the Department of Homeland Security, Immigration Customs Enforcement;

5. The BCRC shall be permitted to continue to operate pursuant to the regulations of 55 Pa. Code §3800 et. seq.;

6. The joint stay is intended to maintain the status quo and permit the BCRC to continue to operate pursuant to the 2016-2017 Certificate of Compliance despite the expiration of the Certificate of Compliance and Department of Human Services' (DHS) failure to act on BCRC application for the 2018-2019 Certification of Compliance;

7. This joint stay is in no way intended to limit or inhibit DHS's rights to take action on the Certificate of Compliance of the BCRC pursuant to 55 Pa. Code §20.37, which reads, in pertinent part that, if DHS finds evidence of gross incompetence, negligence, misconduct in operating the facility or agency, or mistreatment or abuse of clients, likely to constitute an immediate and serious danger to the life or health of the clients, DHS will take immediate action to remove the clients, DHS will take immediate action to remove the clients from the facility or agency. It is further acknowledged by the parties that the County retains all applicable appeal rights related to such action;

8. The joint stay is in no way intended to limit or inhibit the BCRC's rights to appeal any adverse decision of the Bureau of Hearings and Appeals (BHS) and/or seek a stay and/or supersedeas of any adverse order of the BHA with regard to the operation of the BCRC;

9. This joint stay is no way intended to limit or inhibit the BCRC's rights to appeal any adverse decision of DHS with regard to their application for the 2018-2019 Certificate of Compliance.

_____
P. Kevin Brobson, Judge

# EXHIBIT J

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| THE COUNTY OF BERKS, | : |
| | : |
| Plaintiff/Petitioner, | : |
| | : |
| v. | : Docket No. 13 MD 2018 |
| | : |
| TERESA D. MILLER, | : |
| SECRETARY OF THE | : |
| COMMONWEALTH OF | : |
| PENNSYLVANIA, THE | : |
| DEPARTMENT OF HUMAN | : |
| SERVICES, IN HER OFFICIAL | : |
| CAPACITY, THE | : |
| COMMONWEALTH OF | : |
| PENNSYLVANIA, DEPARTMENT | : |
| OF HUMAN SERVICES, | : |
| | : |

Defendants/Respondents.

## **JOINT STATUS REPORT**

The County of Berks, by and through their attorneys, The MacMain Law

Group, LLC and counsel for the Department of Human Services, Megan

Rubenstein, Esquire, hereby file this Status Report pursuant to this Honorable

Court's May 10, 2019 Order.

On January 11, 2018, Petitioner filed an Application for Relief in the form of

an injunction and a mandamus action with regard to the Petitioner's 2018-2019

Application for a Certificate of Compliance to operate the Berks County

Residential Center.

On January 19, 2018, the parties filed an Application to Stay of the Proceedings on the basis that, except in an emergency pursuant to 55 Pa. Code § 20.37, the BCRC shall be permitted to continue to operate pending outcome of the appeal related to the January 27, 2016 revocation and non-renewal of the BCRC's Certificate of Compliance.

On January 22, 2018, this Honorable Court entered an Order granting the stay and ordering that the BCRC pursuant to the 2016-2017 Certificate of Compliance, be permitted to continue to provide a residential family program to undocumented immigrant families seeking asylum with ICE pursuant to the regulations as set forth in 55 Pa. Code § 3800.

Since this Court's March 8, 2019 Order, the BHA's decision on the January 30, 2018 remand remains pending.   In addition, there is a related matter pending with the Commonwealth Court, *D.G.A. v. B.H.A 1059 C.D. 2018*.  This matter relates to the BHA's denial of various interest groups' request to intervene in the administrative appeal.

Therefore, because of the pendency of the appeal proceedings, the parties respectfully request that this Court's January 22, 2018 Order remain in effect. Further, the parties respectfully request that they be permitted to provide a status report to this Honorable Court on December 9, 2019 or within ten (10) days after a

2

decision is entered by the Bureau of Hearings and Appeals as it relates to Secretary Utz's January 30, 2018 grant of reconsideration and remand Order.

Respectfully submitted,

**THE MACMAIN LAW GROUP, LLC**

Date: <u>September 9, 2019</u>     By:

Matthew J. Connell
Attorney I.D. No. 80246
Tricia M. Ambrose
Attorney I.D. No. 200411
433 W. Market Street, Suite 200
West Chester, PA 19382
(484) 318-7106
*Counsel for Plaintiff/Petitioner*

**DEPARTMENT OF HUMAN SERVICES**

Date: <u>September 9, 2019</u>     By:

Megan Rubenstein, Esquire
Attorney I.D. No. 204072
Office of General Counsel
3rd Floor West,
Health & Welfare Bldg.
Harrisburg, PA 17120
*Counsel for Defendant/Respondent*

3.

# CERTIFICATION OF SERVICE

This is to certify that in this case, the Joint Status Report has been served upon the following via e-filing:

Megan Rubenstein, Esquire
Office of General Counsel
3rd Floor West,
Health & Welfare Bldg.
Harrisburg, PA 17120
*Counsel for Defendant/Respondent*

**THE MACMAIN LAW GROUP, LLC**

Dated: <u>September 9, 2019</u>      By:   */s/ Matthew J. Connell*
                                    Matthew J. Connell
                                    Atty. I.D. No. 80246
                                    433 W. Market Street, Suite 200
                                    West Chester, PA 19382
                                    *Attorney for Plaintiff,*
                                    *The County of Berks*