XAVIER BECERRA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
SARAH E. BELTON
Supervising Deputy Attorney General
REBEKAH A. FRETZ (SBN 300478)
MARISOL LEÓN (SBN 298707)
JULIA HARUMI MASS (SBN 189649)
VILMA PALMA-SOLANA (SBN 267992)
VIRGINIA CORRIGAN (SBN 292035)
Deputy Attorneys General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-1005
Fax: (510) 622-2270
E-mail: Virginia.Corrigan@doj.ca.gov
*Attorneys for Plaintiff State of California*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

**STATE OF CALIFORNIA,** *et al.*,

Plaintiffs,

**v.**

**KEVIN K. MCALEENAN,** in his official capacity as Acting Secretary of Homeland Security, *et al.*,

Defendants.

Case No. 2:19-cv-07390 DMG (AGRx)

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

Judge: Hon. Dolly M. Gee
Trial Date: None Set
Action Filed: August 26, 2019

# I. INTRODUCTION

Plaintiffs in the above-captioned action brought a challenge to the final agency action, *Apprehension, Processing, Care, and Custody of Alien Minors and Unaccompanied Alien Children*, 84 Fed. Reg. 44,392 (Aug. 23, 2019) (Rule). On August 30, 2019, Plaintiffs moved for a preliminary injunction under the Administrative Procedure Act (APA). The motion is fully briefed and was set for hearing on October 4, 2019.

On September 27, 2019, this Court issued orders in *Flores v. Barr*, concluding that the Rule did not terminate the *Flores* Agreement and enjoining enforcement of the Rule, Case No. 2:85-cv-4544 DMG (AGRx), Order re Plaintiffs' Motion to Enforce Settlement [516] and Defendants' Notice of Termination and Motion in the Alternative to Terminate the Flores Settlement Agreement [639], ECF No. 688, (Order), and a Permanent Injunction, ECF No. 690. On the same day, the Court issued an Order to Show Cause in the instant matter, ordering the parties to show cause why the instant matter should not be dismissed as moot in light of the Court's Orders in *Flores v. Barr*. Order to Show Cause, ECF No. 85. Given the significant legal issues ripe for declaratory relief, the likelihood of immediate appeals, and current uncertainty about the scope of the Order, the "heavy" burden of demonstrating mootness is not met here. *See Northwest Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988). However, in the interest of judicial economy, Plaintiffs request that this Court stay its consideration of this action pending further proceedings that could affect the force and scope of the Court's Order and Permanent Injunction in *Flores v. Barr*.

# II. PLAINTIFFS' CLAIMS ARE NOT MOOT

"The burden of demonstrating mootness is a heavy one." *Northwest Envtl. Def. Ctr.*, 849 F.2d at 1244. In deciding mootness, "the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be *any* effective relief." *Id.* at 1244-45

(quoting *Garcia v. Lawn*, 805 F.2d 1400, 1403 (9th Cir. 1986)). In particular, even after a requested injunction is no longer needed, a party's claim for declaratory relief may remain viable. *Headwaters, Inc. v. Bureau of Land Mgmt*., 893 F.2d 1012, 1015 (9th Cir. 1989) (quoting *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122 (1974)) (case or controversy for declaratory relief exists when the challenged government activity "is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties").

Here, the controversy between Plaintiffs and Defendants—whether the Rule was promulgated in accordance with the requirements of the APA—was not resolved by the Court's Order in *Flores v. Barr*. *See* Order at 15-16 (presuming, without evaluating, that Rule complied with procedural requirements of the APA and noting that the Court need not consider specific APA arguments). Among other claims, Plaintiffs have alleged Defendants failed to consult with states before displacing the states' traditional responsibility to set standards and provide oversight for the welfare of children in government custody. *See* Pls.' Mot. Prelim. Inj. 17-20, ECF No. 32; Reply 19-20, ECF No. 84. Given that the requirements of the APA apply to any future rulemaking to implement the *Flores* Agreement, the Court's resolution of this dispute will have an impact on Plaintiffs. *See Northwest Envtl. Def. Ctr*., 849 F.2d at 1245 (close of 1986 salmon season precluded original injunctive relief sought, but order concerning fishery management could affect future health of salmon population); *cf. Feldman v. Bomar*, 518 F.3d 637, 644 (9th Cir. 2008) (complete eradication of pigs from Santa Cruz island rendered interest in injunctive and declaratory relief regarding failure to use non-lethal methods moot).

Moreover, two additional contingencies create uncertainty about the scope and effect of the Court's Order and Permanent Injunction. First, the scope and effect of the Court's Order and Permanent Injunction in *Flores v. Barr* remain uncertain in light of the Court's order to the parties in that case to meet and confer regarding

whether portions of the Rule are not covered by the *Flores* Agreement. Order at 24 n.17. In the event that the Court's further consideration of this question results in amendments to the Order and Permanent Injunction, Plaintiffs' motion—which challenges the Rule in its entirety—will be ripe for decision as to those portions of the Rule that are not covered by the Permanent Injunction. Requiring Plaintiffs to refile their complaint and motion for a preliminary injunction would delay the Court's prompt resolution of any such issues.

Second, although Defendants have not yet sought to appeal this Court's Order and Permanent Injunction, recent experience strongly suggests that Defendants not only are likely to appeal, but also may seek a stay of this Court's Permanent Injunction pending such appeal. *See, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 n.7 (2005) (Delaware Supreme Court ruling did not moot a similar action where defendant represented an intention to petition the U.S. Supreme Court for a writ of certiorari); *Nat'l Wildlife Fed'n v. Burford*, 677 F. Supp. 1445, 1453 (D. Mont. 1985) (finding that a case was not moot despite the fact that the court had ordered "the very remedy that plaintiffs seek" in a separate case because there was "a possibility, if not a likelihood, of appeal"), *aff'd*, 871 F.2d 849 (9th Cir. 1989).

Defendants have repeatedly sought—and obtained—from the Supreme Court stays of nationwide injunctions in the context of the administration's immigration policies. *See, e.g.*, *Barr v. East Bay Sanctuary Covenant*, 588 U.S. __, 2019 WL 4292781 (Sept. 11, 2019) (staying preliminary injunction that enjoined interim final rule denying asylum to migrants who have transited through a third country pending disposition of federal government's Ninth Circuit appeal and petition for a writ of certiorari); *Trump v. Sierra Club*, 588 U.S. __, 2019 WL 3369425 (July 26, 2019) (staying nationwide permanent injunction that enjoined redirection of funds to the construction of a wall on the southern border pending disposition of federal government's Ninth Circuit appeal and petition for a writ of certiorari); *Trump v.*

*Hawaii*, ___ U.S. __, ___, 138 S.Ct. 34 (2017) (staying preliminary injunction that enjoined Executive Order barring entry of certain foreign nationals from specified countries pending disposition of federal government's Ninth Circuit appeal); *Trump v. Int'l Refugee Assistance Project*, ___ U.S. __, ___,137 S.Ct. 2080, 2088 (2017) (staying injunction that enjoined implementation of provisions of an Executive Order suspending entry for 90 days of "foreign nationals who lack any bona fide relationship with a person or entity in the United States"). As Justice Sotomayor has noted, "granting a stay pending appeal should be an 'extraordinary' act. Unfortunately, it appears the Government has treated this exceptional mechanism as a new normal. Historically, the Government has made this kind of request rarely; now it does so reflexively." *Barr v. East Bay Sanctuary Covenant*, 588 U.S. __, 2019 WL 4292781 at *3 (Sept. 11, 2019) (Sotomayor, J., dissenting) (internal citations omitted).

For the foregoing reasons, the instant action is not moot. However, to promote judicial efficiency, the parties have agreed to and request a stay of the present action.

## III. A STAY OF PROCEEDINGS IS APPROPRIATE

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). A trial court's authority to enter such a stay does not depend on whether "the issues in such proceeding are necessarily controlling of the action before the court." *Id*. at 863-64. In determining whether a stay is appropriate, courts consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300

F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)).

In this case, the factors the Court must consider point to the appropriateness of a stay. As the parties have already stipulated to a stay in this case, Stipulation to Stay Prelim. Inj. Mot., ECF No. 89, neither Plaintiffs nor Defendants assert that a stay would "work damage." *Landis*, 299 U.S. at 255; *see also Ali v. Trump*, 241 F. Supp. 3d 1147, 1152-53 (W.D. Wash. 2017) ("Ordinarily, Defendants would benefit from a stay" of plaintiffs' motion for a temporary restraining order, and "there is little possibility of hardship or inequity" where a motion has already been fully briefed.). Plaintiffs, while willing to stay consideration of their motion for a preliminary injunction, would suffer hardship were this Court to dismiss this case. *Cf. Ali*, 241 F. Supp. 3d at 1152, 1154 (staying plaintiffs' motion for a temporary restraining order where another court had entered a nationwide preliminary injunction enjoining the same Executive Order). Where the parties' interests do not militate against a stay, the Court should look to considerations of judicial economy to determine whether a stay is appropriate. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360, 1362 (9th Cir. 1997) (where a party opposing a stay has not argued that it is prejudiced by a stay and a party seeking a stay has not argued that proceeding would be unduly burdensome, it is appropriate for a court to grant a stay if warranted for judicial economy); *see also State of N.Y. v. Heckler*, 719 F.2d 1191, 1195 n.6 (2d Cir. 1983) (although case was not moot where a defendant was already bound by an injunction in a separate case, "it would have been better" if the district court had granted defendant's motion for a stay).

Significant considerations of judicial economy and fairness counsel in favor of a stay of this action instead of dismissal. First, the instant case raises different legal bases for challenging the Rule than are presented in *Flores v. Barr*. As such, the issues raised by Plaintiffs' motion for a preliminary injunction have not yet been squarely considered by this Court. It would conserve judicial resources to preserve

the parties' briefing on these issues for future adjudication, should that become necessary.

In addition, in the event of any future limitation on the effect of the Court's Order and Permanent Injunction, such as a stay that permits Defendants to implement the Rule pending appeal, Plaintiffs' claims in the instant case would be ripe, and the public interest would be served by prompt judicial resolution of Plaintiffs' motion for preliminary injunction. *Leibel v. City of Buckeye*, 382 F. Supp. 3d 909, 917 (D. Ariz. 2019) (finding that both judicial economy and the prompt resolution of viable claims are legitimate public interests). Staying Plaintiffs' motion for consideration when ripe would conserve this Court's resources, as well as the parties' resources, and is well within the Court's "inherent power to control its own docket and calendar" and chart "'the fairest course for the parties.'" *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva*, 593 F.2d at 863).

## IV.  CONCLUSION

Plaintiffs respectfully request that this Court stay this action pending further proceedings that could affect the force and scope of the Court's Order and Permanent Injunction in *Flores v. Barr*.

Dated: October 2, 2019

Respectfully submitted,

MAURA HEALEY
Attorney General for the Commonwealth of Massachusetts
ANGELA BROOKS
(*Admitted pro hac vice*)
ABIGAIL TAYLOR
(*Admitted pro hac vice*)
Assistant Attorneys General
One Ashburton Place
Boston, MA 02108
Telephone: (617) 963-2590
Email: Angela.Brooks@mass.gov
*Attorneys for Plaintiff the Commonwealth of Massachusetts*

XAVIER BECERRA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
SARAH E. BELTON
Supervising Deputy Attorney General
JULIA HARUMI MASS
REBEKAH A. FRETZ
MARISOL LEÓN
VILMA PALMA-SOLANA
Deputy Attorneys General

/s/ *Virginia Corrigan*
VIRGINIA CORRIGAN
Deputy Attorney General
*Attorneys for Plaintiff State of California*

WILLIAM TONG
Attorney General of Connecticut
JOSHUA PERRY (*Admitted pro hac vice*)
Special Counsel for Civil Rights
55 Elm Street
Hartford, CT 06106
Telephone: (860) 808-5372
Email: Joshua.Perry@ct.gov
*Attorneys for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware
ILONA KIRSHON
Deputy State Solicitor
DONNA THOMPSON
(*Admitted pro hac vice*)
Deputy Attorney General
820 North French Street
Wilmington, DE 19801
Telephone: (302) 577-8367
Email: Donna.Thompson@delaware.gov
*Attorneys for Plaintiff State of Delaware*

KARL A. RACINE
Attorney General for the District of Columbia
KATHLEEN KONOPKA
Deputy Attorney General
VALERIE M. NANNERY (SBN 227394)
Assistant Attorney General
441 4th Street, N.W., Suite 630 South
Washington, DC 20001
Telephone: (202) 442-9596
Email: valerie.nannery@dc.gov
*Attorneys for Plaintiff District of Columbia*

KWAME RAOUL
Attorney General of Illinois
JEFF VANDAM (*Admitted pro hac vice*)
Public Interest Counsel
100 W. Randolph Street, 12th Fl.
Chicago, IL 60601
Telephone: (312) 814-1188
Email: jvandam@atg.state.il.us
*Attorneys for Plaintiff State of Illinois*

AARON FREY
Attorney General of Maine
SUSAN P. HERMAN
(*Admitted pro hac vice*)
Deputy Attorney General
6 State House Station
Augusta, Maine 04333-0006
Telephone: (207) 626-8814
Email: susan.herman@maine.gov
*Attorneys for Plaintiff State of Maine*

BRIAN E. FROSH
Attorney General of Maryland
STEVEN M. SULLIVAN
Solicitor General
JEFFREY P. DUNLAP*
Assistant Attorney General
200 Saint Paul Place
Baltimore, MD 21202
Telephone: (410) 576-7906
Email: jdunlap@oag.state.md.us
*Attorneys for Plaintiff State of Maryland*

DANA NESSEL
Attorney General of Michigan
B. ERIC RESTUCCIA
(*Admitted pro hac vice*)
JOSEPH T. FROEHLICH
(*Admitted pro hac vice*)
Assistant Attorneys General
P.O. Box 30212
Lansing, MI 48909
Telephone: (517) 335-7628
Email: restucciae@michigan.gov
*Attorneys for Plaintiff State of Michigan*

KEITH ELLISON
Attorney General of Minnesota
JANINE KIMBLE (*Admitted pro hac vice*)
Assistant Attorney General
102 State Capitol
75 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul, MN 55155
Telephone: (651) 757-1415
Email: janine.kimble@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

AARON D. FORD
Attorney General of Nevada
HEIDI PARRY STERN
(*Admitted pro hac vice*)
Solicitor General
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
Telephone: (702) 486-3420
Email: HStern@ag.nv.gov
*Attorneys for Plaintiff State of Nevada*

GURBIR S. GREWAL
Attorney General of New Jersey
GLENN J. MORAMARCO
(*Admitted pro hac vice*)
Assistant Attorney General
MARIE SOUEID
Deputy Attorney General
25 Market Street
Trenton, NJ 08625
Telephone: (609) 376-3232
Email: Glenn.Moramarco@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

HECTOR BALDERAS
Attorney General of New Mexico
TANIA MAESTAS
(*Admitted pro hac vice*)
Chief Deputy Attorney General
408 Galisteo Street
Santa Fe, NM 87501
Telephone: (505) 490-4060
Email: TMaestas@nmag.gov
*Attorneys for Plaintiff State of New Mexico*

LETITIA JAMES
Attorney General of New York
ELENA GOLDSTEIN
*(Admitted pro hac vice)*
Senior Trial Counsel
NANCY TRASANDE
(*Admitted pro hac vice*)
Assistant Attorney General
28 Liberty Street
New York, NY 1005
Telephone: (212) 416-8905
Email: nancy.trasande@ag.ny.gov
*Attorneys for Plaintiff State of New York*

ELLEN F. ROSENBLUM
Attorney General of Oregon
J. NICOLE DEFEVER (SBN 191525)
Senior Assistant Attorney General
Oregon Department of Justice
1162 Court Street N.E.
Salem, OR 97301
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Nicole.DeFever@doj.state.or.us
*Attorneys for Plaintiff State of Oregon*

JOSH SHAPIRO
Attorney General for the Commonwealth of Pennsylvania
AIMEE D. THOMSON
(*Admitted pro hac vice*)
Deputy Attorney General
1600 Arch St., Suite 300
Philadelphia, PA 19103
Telephone: (267) 940-6696
Email: athomson@attorneygeneral.gov
*Attorneys for Plaintiff Commonwealth of Pennsylvania*

PETER F. NERONHA
Attorney General of Rhode Island
ADAM D. ROACH (*Admitted pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400 x 2490
Email: aroach@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

THOMAS J. DONOVAN, JR.
Attorney General of Vermont
JULIO A. THOMPSON*
Director, Civil Rights Unit
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-5500
Email: Julio.Thompson@vermont.gov
*Attorneys for Plaintiff State of Vermont*

MARK R. HERRING
Attorney General for the Commonwealth of Virginia
MICHELLE S. KALLEN (SBN 271322)
Deputy Solicitor General
202 North 9th Street
Richmond, VA 23219
Telephone: (804) 786-2436
Email: SolicitorGeneral@oag.state.va.us
*Attorneys for Plaintiff Commonwealth of Virginia*

ROBERT W. FERGUSON
Attorney General of Washington
COLLEEN M. MELODY (WSBA #42275)
(*Admitted pro hac vice*)
Division Chief, Civil Rights Unit
LAURA K. CLINTON (WSBA #29846)
(*Admitted pro hac vice*)
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5342
Email: Colleen.Melody@atg.wa.gov
Email: Laura.Clinton@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

** Pro hac vice petitions forthcoming*