1  XAVIER BECERRA
   Attorney General of California
2  MICHAEL L. NEWMAN
   Senior Assistant Attorney General
3  SARAH E. BELTON
   Supervising Deputy Attorney General
4  VIRGINIA CORRIGAN (SBN 292035)
   REBEKAH A. FRETZ (SBN 300478)
5  VILMA PALMA-SOLANA (SBN 267992)
   JULIA HARUMI MASS (SBN 189649)
6  Deputy Attorneys General
     1515 Clay Street, 20th Floor
7    P.O. Box 70550
     Oakland, CA  94612-0550
8    Telephone: (510) 879-3300
     Fax: (510) 622-2270
9    E-mail: Julia.Mass@doj.ca.gov
   *Attorneys for Plaintiff State of California*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA**, *et al.*,<br><br>                      Plaintiffs,<br><br>         v.<br><br>**PETER T. GAYNOR,** in his official capacity as Acting Secretary of Homeland Security, *et al.*,<br><br>                      Defendants. | Case No. 2:19-cv-07390 DMG (AGRx)<br><br>**FURTHER JOINT STATUS REPORT AND [PROPOSED] ORDER**<br><br>Judge:         Hon. Dolly M. Gee<br>Trial Date:   None Set<br>Action Filed:  August 26, 2019 |

In the above-captioned action, Plaintiffs brought a challenge to the final agency action, *Apprehension, Processing, Care, and Custody of Alien Minors and Unaccompanied Alien Children*, 84 Fed. Reg. 44,392 (Aug. 23, 2019) (Rule). On August 30, 2019, Plaintiffs moved for a preliminary injunction under the Administrative Procedure Act (APA). The motion was fully briefed and set for hearing on October 4, 2019.

On September 27, 2019, this Court issued orders in *Flores v. Barr*, concluding that the Rule did not terminate the *Flores* Agreement and enjoining enforcement of the Rule, Case No. 2:85-cv-4544 DMG (AGRx), Order re Plaintiffs' Motion to Enforce Settlement [516] and Defendants' Notice of Termination and Motion in the Alternative to Terminate the Flores Settlement Agreement [639], ECF No. 688, (Order), and a Permanent Injunction, ECF No. 690. On the same day, the Court issued an Order to Show Cause in the instant matter, ordering the parties to show cause why the instant matter should not be dismissed as moot in light of the Court's Orders in *Flores v. Barr*. Order to Show Cause, ECF No. 85. The parties filed a stipulation setting forth their agreement that it would best serve the interests of judicial economy to stay the action pending further proceedings that could affect the force and scope of the Order and Permanent Injunction. ECF No. 89.

On October 7, 2019, the Court stayed the above-captioned action "without prejudice to the right of any party to request, at any time, that the Court reopen this action and lift the stay." ECF No. 95 (Stay Order). Pursuant to the Stay Order, "[i]f any party or parties wish to make such a request, the parties shall first meet and confer within three days of any action giving rise to the request and thereafter file a Joint Status Report to notify the Court of a proposed course of proceedings." *Id*.

On December 29, 2020, in *Flores v. Rosen*, No. 19-56325, the Ninth Circuit Court of Appeals affirmed in part and reversed in part the district court's judgment

1

in *Flores v. Barr*, Case No. 2:85-cv-04544-DMG (AGRx).  The Ninth Circuit decision holds that some of the Department of Homeland Security regulations and most of the Department of Health and Human Services regulations promulgated through the Rule may be implemented because they are consistent with the *Flores* Settlement Agreement.  The Ninth Circuit mandate has not yet issued – accordingly, the rules remain enjoined in full pursuant to this Court's order until that time.

    Plaintiffs seek to reopen the instant litigation to pursue APA claims Plaintiffs view as independent of the *Flores* Settlement Agreement.  Plaintiffs propose, and Defendants agree, that this may most efficiently be accomplished through supplemental briefing on Plaintiffs' preliminary injunction motion.  Therefore, Plaintiffs request that the instant litigation be reopened and the parties jointly agree to the following supplemental briefing schedule and argument on Plaintiffs' preliminary injunction motion:

- February 5, 2021: Plaintiffs file a supplemental opening brief setting forth APA arguments that remain following the Ninth Circuit's decision.
- February 19, 2021: Defendants file a supplemental opposing brief.
- March 5, 2021: Plaintiffs file a supplemental reply brief.
- March 19, 2021: Hearing on Plaintiffs' narrowed preliminary injunction motion.

The federal government agrees to this schedule but reserves the right to seek to hold this case in further abeyance if either party in the *Flores* case seeks further review of the Ninth Circuit ruling.

Dated: January 15, 2020

Respectfully submitted,

| | |
|---|---|
| JENNIFER B. DICKEY<br>Acting Assistant Attorney General<br>AUGUST E. FLENTJE<br>Special Counsel<br>WILLIAM C. PEACHEY<br>Director<br><br>/s/ *Jeffrey S. Robins*<br>JEFFREY S. ROBINS<br>Deputy Director<br>United States Department of Justice<br>Office of Immigration Litigation<br>District Court Section<br><br>*Attorneys for Defendants* | XAVIER BECERRA<br>Attorney General of California<br>MICHAEL L. NEWMAN<br>Senior Assistant Attorney General<br>SARAH E. BELTON<br>Supervising Deputy Attorney General<br><br>/s/ *Julia Harumi Mass*<br>JULIA HARUMI MASS<br>Deputy Attorney General<br><br>*Attorneys for Plaintiff State of California* |

# [PROPOSED] ORDER

The instant matter is reopened and the parties are ordered to submit supplemental briefing on the aspects of Plaintiffs' preliminary injunction motion that are not resolved by the Ninth Circuit's December 29, 2020 decision in *Flores v. Rosen*, No. 19-56325. Plaintiffs' opening brief is due February 5, 2021; Defendants' opposition brief is due February 19, 2021; Plaintiffs' reply brief is due March 5, 2021, and a hearing is set for March 19, 2021.

_____
HON. DOLLY M. GEE
U.S. District Judge

**Attestation of Authorization to File**

All other signatures listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ *Julia Harumi Mass*
JULIA HARUMI MASS
Deputy Attorney General
