BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director
SARAH B. FABIAN
Senior Litigation Counsel
FIZZA BATOOL
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: 202-616-4863
Facsimile: 202-305-7000
Email: fizza.batool2@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*, <br><br> Defendants. | Case No. 2:19-cv-7390 DMG(AGRx) <br><br> **STATUS REPORT** <br><br> Hearing Date: Not Set <br> Hon. Dolly M. Gee |

Defendants submit this Status Report concerning the parties' Stipulation Re Dismissal Without Prejudice ("Stipulation") as to Defendant U.S. Department of Health and Human Services and Defendant Xavier Becerra, in his official capacity as Secretary of the U.S. Department of Health and Human Services (collectively "HHS"). *See* ECF No. 143.

In this matter, Plaintiffs challenged the joint rule promulgated by HHS and the Department of Homeland Security in August 2019 relating to the *Flores* Settlement Agreement. Complaint, ECF No. 1 (Aug. 26, 2019). Plaintiffs asked this Court to, among other things, "vacat[e] the Rule as unlawful." *Id*. at 120. This Court stayed the case, given related litigation in *Flores v. Garland, et al.*, No. 85-4544-DMG, and this Court's order in that case permanently enjoining the rule. ECF Nos. 89, 95. That related litigation culminated in a Ninth Circuit decision that partially affirmed this Court's injunction and held that with some exceptions, the HHS rule could go into effect. *Flores v. Rosen*, 984 F.3d 720, 744 (9th Cir. 2020). After that decision, on January 20, 2021, at Plaintiffs' request, this Court lifted the stay in the instant case and ordered the parties to submit supplemental briefing on the aspects of Plaintiffs' preliminary-injunction motion that were not resolved by the Ninth Circuit's recent decision in *Flores v. Rosen*. ECF Nos. 103, 106. On February 5, 2021, Plaintiffs filed their supplemental brief requesting a narrowed preliminary injunction, alleging that several portions of the HHS *Flores* rule violate the Administrative Procedure Act irrespective of their compliance with the *Flores* Settlement Agreement. *See* ECF No. 112 at 9-10.

The parties then began settlement discussions regarding Plaintiffs' challenge to the HHS rule. Those discussions resulted in a settlement agreement whereby Plaintiffs would dismiss their claims against HHS after HHS promulgated a Final Rule making certain changes to the challenged regulations, and HHS would forgo seeking termination of the *Flores* Settlement Agreement until 180 days after that Final Rule was published. *See* ECF No. 143. Consistent with this Stipulation, the parties agreed

1

that prior to a stipulated dismissal, HHS would submit any Final Rule for clearance to the U.S. Office of Management and Budget ("OMB") by December 7, 2021.

On December 10, 2021, undersigned counsel apprised counsel for Plaintiffs, and now apprise the Court, of the following developments: HHS does not plan to seek termination of the *Flores* Settlement Agreement under the terms of the Stipulation or to ask this Court to lift its injunction of the HHS regulations in *Flores v. Garland, et al.*, No. 85-4544-DMG, at this time. HHS therefore does not intend to submit a Final Rule to OMB that would make the minor conforming changes to the enjoined regulations as detailed in the parties' Stipulation. Instead, HHS is considering a future rulemaking that would more broadly address issues related to the custody of unaccompanied minors by HHS and that would replace the rule being challenged in this litigation.

Defendants maintain that this development will not adversely affect Plaintiffs. The HHS *Flores* rule, *Apprehension, Processing, Care, and Custody of Alien Minors and Unaccompanied Alien Children*, 84 Fed. Reg. 44,392 (Aug. 23, 2019), remains permanently enjoined in the parallel litigation *Flores v. Garland, et al.*, No. 85-4544-DMG.

Since Defendants are not taking the steps set forth in the Stipulation, dismissal under the Stipulation is not warranted. However, Defendants intend to engage with Plaintiffs on the matter to explore a resolution of this matter that would not require further litigation.

Dated: December 10, 2021           Respectfully submitted,

                                    BRIAN M. BOYNTON
                                    Acting Assistant Attorney General
                                    Civil Division

                                    AUGUST E. FLENTJE
                                    Special Counsel

WILLIAM C. PEACHEY
Director
District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director
SARAH B. FABIAN
Senior Litigation Counsel

*/s/ Fizza Batool*
FIZZA BATOOL
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: 202-616-4863
Facsimile: 202-305-7000
Email: fizza.batool2@usdoj.gov
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, Fizza Batool, am a citizen of the United States and am at least eighteen years of age. My business address is 450 Fifth Street, NW, Washington, DC 20001. I am not a party to the above-entitled action. I have caused service of the accompanying **STATUS REPORT** on all counsel of record, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically provides notice. I declare under penalty of perjury that the foregoing is true and correct.

DATED: December 10, 2021

/s/ *Fizza Batool*
FIZZA BATOOL